United States District Court
Southern District of Texas
FILED

NOV 1 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ )<br>)<br>)<br>v. )    C.A. No. B-02-214<br>)<br>E.M. TROMINSKI, INS DISTRICT )<br>DIRECTOR, )<br>and )<br>JOHN ASHCROFT, ATTORNEY )<br>GENERAL OF THE UNITED STATES. ) | |

## PETITION FOR WRIT OF HABEAS CORPUS

Jaime Pequeno-Martinez, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and pursuant to *INS vs. St. Cyr.* 121 S. Ct. 2271(2001).

2. The Petitioner Jaime Pequeno-Martinez is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham*, 371 U.S. 236, 240(1963). His immigration proceedings were held and the removal order was entered at the Harlingen, Cameron County, Texas immigration court.

3. The Respondent Trominski maintains his offices in Harlingen, Cameron County, Texas, within the jurisdiction of this court.

### II. THE PARTIES

4. Petitioner Jaime Pequeno-Martinez is a thirty-seven (37) year old native and citizen of Mexico who became a legal permanent resident at the age of six(6). He has a single state court judgment of deferred adjudication on December 30, 1996 for

possession of marijuana occurring in March, 1996. Besides this single offense, the Petitioner Jaime Pequeno-Martinez has a strong record as a productive member of American society: He is a graduate of Weslaco, Texas High School; his parents are legal permanent residents, his siblings and two daughters are US citizens; he speaks fluent English; and he has an exemplary work history.

5. Respondent E.M. Trominski is the District Director of the Harlingen, Cameron County, Texas, office of the Immigration and Naturalization Service ("INS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

### III. THE FACTS

7. Petitioner Jaime Pequeno-Martinez was admitted to the United States as a lawful permanent resident ("LPR") when he was six(6) years old, on or about February 24, 1981. On or about December 30, 1996 he was given deferred adjudication for first time possession of marijuana, the criminal act occurring in March, 1996. Mr. Jaime Pequeno-Martinez was prosecuted and plead guilty in Kleberg County, Texas.

8. Mr. Jaime Pequeno-Martinez was sentenced to Deferred Adjudication Community Supervision for a four (4) year period and he has completed the supervision.

9. Immigration proceedings against Petitioner began in October of 1997 and in June of 1998, the immigration proceedings were terminated in light of the controlling law at the time, *In Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995) which allowed the application of a policy to Petitioner which was analogous to the Federal First Offenders Act.

10. The INS appealed the decision to the Board of Immigration Appeals and on July 18, 2002, the Board vacated the decision of the immigration court and ordered the removal of Mr. Pequeno-Martinez. He filed a Motion for Reopening and for Reconsideration by the Board which remains pending, and he filed a Petition for

Review with the Fifth Circuit Court of Appeals, which petition Mr. Pequeno-Martinez dismissed without opposition from the Department of Justice. A stay of removal has been granted by the Harlingen District, Deportation Office, pending the decision of the Board of Immigration Appeals or until the "office no longer feels a stay is warranted".

11. By this process lasting six years, the Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Sec. 212(c) for a waiver of deportation under *St. Cyr, op.cit*. Mr. Pequeno-Martinez has argued that because he was raised in the United States for all but his youngest years, because of his United States citizen children and legal permanent resident family members living in South Texas, and because of his work record in the United States, he is *prima facie* eligible for 212(c) relief and entitled to an immigration merits hearing on such an application. Mr. Pequeno-Martinez has further argued that the 2002 deportation order order is void and/or voidable as to him because he was denied a 212(c) hearing in an impermissible manner as later determined by the U.S. Supreme Court in *St. Cyr*, op.cit.

12. During the period of the appeal time, from approximately 1998 to 2002, several significant legal developments in immigration law impacted upon this case as follows:

√The Board issued *Matter of Punu*, Int. Dec. 3364 (BIA 1998) which held that an unadjudicated disposition of deferred adjudication constituted a "conviction" for purposes of immigration law.

√On March 3, 1999, the BIA decided that *Manrique, op.cit* had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan*, Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, on February 14, 2002, the Board ruled in *Matter of Salazar*, Int. Dec. 3462 (BIA 2002) that, in light of *Hernandez-Avalos, op.cit*, in the Fifth Circuit an alien, like Mr. Pequeno-Martinez is eligible for no relief.

13.   Because Mr. Pequeno-Martinez has such a lengthy residence in the United States, so many family members here and such a good employment record, it is likely that he would have qualified for either relief under 212(c) or cancellation of removal had either form of discretionary relief been offered to him.

14.   Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense prior to April 1, 1997 involving simple first time possession of marijuana and whose guilt was actually adjudicated by a court have either: 1) Had a 212(c) merits hearing, and been granted relief; or 2) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 3) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 13   herein.

Petitioner Pequeno-Martinez asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the 2002 Board decision impermissibly denied a full hearing, thereby violating his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001).   Mr. Pequeno-Martinez urges that the same impermissible application of AEDPA and of IIRIRA to Mr. Pequeno-Martinez has continued in the immigration proceeding.

2. *Statutory Construction*

a. Aggravated Felony

Mr. Pequeno-Martinez urges that the Board erred as a matter of law in determining that *U.S. vs. Hernandez-Avalos* controls whether the deferred

adjudication constitutes an aggravated felony.

### b. Definition of Conviction

Petitioner further contends that the Board, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Mr. Pequeno-Martinez urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, in which a sentence of unadjudicated probation/deferred adjudication had been imposed by a state criminal court for a first time, simple possession of a controlled substance.

### 3. Equal Protection

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Pequeno-Martinez also claims, following the reasoning of *Lujan-Armendariz, op.cit.* that the Board's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Pequeno-Martinez also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr. Pequeno-Martinez been in immigration proceeding in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal.

#### iii. Different Results Due to Timing of Proceedings

Mr. Pequeno-Martinez would show that the treatment of his case has

depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2001 decision, *Hernandez-Avalos*, op. cit. , serves as the basis for the Board Decision, but the *St. Cyr*, op.cit. decision of the U.S. Supreme Court one month later is ignored in its ruling ordering removal within thirty (30) days. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| After criminal act, prior to April, 1996 | 212(c) Merits hearing, no appeal |
| Between March 3, 1999-May 11, 2001 | Cancellation of Removal Hearing |
| After *St. Cyr*, June, 2001 | 212(c) Merits hearing, no appeal |

Petitioner Mr. Pequeno-Martinez believes that if he had received any of the merits hearings outlined above he probably would have received the grant of the relief sought from the Immigration Court. Any appeal and further use of the court system would only have been by the INS complaining of the grant of the requested relief in light of the use by the Immigration Judge of his discretion rather than on the timing of consideration of the case. It violates equal protection for the result of whether Mr. Pequeno-Martinez is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings.

*4. Substantive Due Process*

Petitioner Mr. Pequeno-Martinez further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental

liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*, 326, U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Pequeno-Martinez enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the combination of the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), which eliminated 212(c) relief and re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to forego an adjudication of guilt and to grant community supervision.

### 5. Procedural Due Process

Petitioner Mr. Pequeno-Martinez, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Pequeno-Martinez's case, at the time of his criminal conduct and his guilty plea, immigration proceedings were terminated. Likewise at the time of the 1998 immigration court decision, he was entitled to termination of proceedings. But by holding the case for decision on appeal, and by applying the law selectively, the Board ordered an almost immediate deportation in lieu of a merits hearing. This result could not have been contemplated at the time of Mr. Pequeno-Martinez's guilty plea. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as deportation. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Pequeno-Martinez had no notice of the civil penalty facing him at the time he plead guilty and because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the order of deferred adjudication, the law is imposed in a retroactively impermissible fashion. This legal permanent resident in the U.S. from a young age was without notice of the penalties facing him years down the road at the time of his 1996 guilty plea.

### 6. International Law and Treaty Obligations

As an additional or alternative basis for the granting of the Writ of Habeas

Corpus, Petitioner Mr. Pequeno-Martinez would show that the Board decision violates international law and treaty obligations between the United States and Mexico, Mr. Pequeno-Martinez's birth place. *Universal Declaration of Human Rights*, U.N. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

**Respectfully Submitted,**

*[signature]*

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*

Paula S. Waddle
November 13, 2002

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was delivered by certified mail return receipt requested to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, this 13th day of November, 2002.

*[signature]*

Paula S. Waddle

Corpus, Petitioner Mr. Pequeno-Martinez would show that the Board decision violates international law and treaty obligations between the United States and Mexico, Mr. Pequeno-Martinez's birth place. *Universal Declaration of Human Rights*, U.N. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

Respectfully Submitted,

_____
Paula S. Waddle, Attorney
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

### VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
Paula S. Waddle
November 13, 2002

### CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was delivered by certified mail return receipt requested to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, this day of November, 2002.

_____
Paula S. Waddle

**U.S. Department of Justice**  Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:  A36 739 517 - Harlingen                            Date:  JUL 1 8 2002

In re:  JAIME HUMBERTO PEQUENO-MARTINEZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Bengino Pena, Accredited Representative

ON BEHALF OF SERVICE:    Lisa M. Putnam
                         Assistant District Counsel

CHARGE:

    Notice:  Sec.  237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                    Convicted of controlled substance violation

    Lodged:  Sec.  237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

APPLICATION:  Reinstatement of proceedings

    The Immigration and Naturalization Service (Service) has appealed the Immigration Judge's decision dated June 12, 1998, terminating the instant removal proceedings because a Texas state court entered a deferred adjudication of guilt in the respondent's state criminal case in which he was charged with possession of marijuana - over 5 but less than 50 pounds, a third degree felony under state law.  *See* Group Exh. 3 (record of conviction).  The appeal will be sustained.

    The respondent's removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), depends on whether the aforementioned deferred adjudication of guilt in the respondent's state proceedings constitutes a "conviction," and also on whether the underlying crime constitutes an "aggravated felony" for immigration purposes.

    In terminating proceedings, the Immigration Judge relied on *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), in which the Board ruled that an alien who has been accorded rehabilitative treatment pursuant to a state statute will be not be deported where it was established that he would have been eligible for first offender treatment under federal law, had he been prosecuted under federal law. However, in *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), *overruled in part by Lujan-Armendariz v. INS*, 222 F.3d 728, 745049 (9th Cir. 2000), the Board subsequently held that the policy exception



A36 739 517

articulated in *Matter of Manrique, supra*, had been superseded by the enactment of section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A), defining "conviction," and which gives no effect to state rehabilitative actions in immigration proceedings. *See Matter of Salazar,* 23 I&N Dec. 223 (BIA 2002).

Further, since the Immigration Judge's decision was issued, both the United States Court of Appeals for the Fifth Circuit in which the instant case arises and this Board have specifically ruled that a deferred adjudication under Article 42.12, section 3(d) (now section 5(a)) of the Texas Code of Criminal Procedure constitutes a "conviction" for purposes of the immigration laws. *See Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999); section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A); *Matter of Salazar, supra*; *Matter of Punu*, 22 I&N Dec. 224 (BIA 1998). Therefore, based on this legal authority, and notwithstanding the respondent's appellate arguments to the contrary, the respondent's deferred adjudication for his drug-related crime constitutes a "conviction" under the immigration laws.

As to whether the respondent's conviction is for a crime constituting an "aggravated felony" for immigration purposes, the record reflects that the State of Texas has classified possession of marijuana - over 5 but under 50 pounds, as a third degree felony. In light of this circumstance and consistent with the rulings by both the United States Court of Appeals for the Fifth Circuit and this Board, the respondent is removable as charged. *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert denied*, 122 S.Ct. 305 (2001); *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997); *Matter of Santos*, 23 I&N Dec. 419 (BIA 2002).

Accordingly, the Service's appeal will be sustained and the following orders will be entered.

ORDER: The appeal of the Immigration and Naturalization Service is sustained.

FURTHER ORDER: The removal proceedings against the respondent are reinstated.

FURTHER ORDER: The Immigration Judge's decision dated June 12, 1998, is vacated and the respondent is ordered deported to Mexico.

_____
FOR THE BOARD

2