IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JAIME PEQUENO-MARTINEZ, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. B-02-214 |
| E.M. TROMINSKI, INS | ) | |
| DISTRICT DIRECTOR and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES | ) | |
| | ) | |

RESPONDENTS' RETURN AND
MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS

COME NOW the Respondents, by and through Michael T. Shelby,
United States Attorney for the Southern District of Texas, and
file this Return and Motion to Dismiss the Petition for Writ of
Habeas Corpus in this case.  The petition for writ of habeas
corpus should be dismissed because the issues presented therein
have been decided by the Fifth Circuit Court of Appeals.[1]

---

[1] The issues presented and arguments made herein are very similar
to those presented to this Court in Salazar-Regino v. Trominski,
et al., Civil Action No. B-02-045, and several other cases now
pending before this Court.

5

## STATEMENT OF THE FACTS

The Petitioner, Jaime Pequeno-Martinez ("Pequeno-Martinez") entered the United States as a lawful permanent resident on February 24, 1981.  Administrative Record ("A.R.) at 178.  On October 23, 1996, a criminal indictment was filed charging that Pequeno-Martinez knowingly and intentionally possessed a usable quantity of a marihuana in an amount of fifty (50) pounds or less but more than five (5) pounds.  A.R. at 136.  He entered a plea of guilty on December 30, 1996, in the 105th Judicial District Court of Kleberg County, Texas, to the offense of possession of marihuana.  On January 6, 1997, the state court found the evidence substantiated Pequeno-Martinez guilt for the offense charged, deferred adjudication, and placed him on community supervision for a period of four years.  A.R. at 128-29.

The Immigration and Naturalization Service (the "Service") issued a Notice to Appear to Pequeno-Martinez on October 28, 1997, charging that he was removable for having been convicted of a violation of a law relating to a controlled substance pursuant to §237(a)(2)(B)(i) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1227 (a)(2)(B)(i).  A.R. at 178.  On May 29, 1998, the Service filed an additional charge of removability for having been convicted of an aggravated felony pursuant to §237(a)(2)(B)(iii)

of the Act, 8 U.S.C. §1227 (a)(2)(B)(iii). A.R. at 139. Pequeno-Martinez admitted the allegations of fact set out in the Notice to Appear and conceded removability for a violation of a law relating to a controlled substance. A.R. at 178. He denied the removability for having been convicted of an aggravated felony. A.R. at 139. However, through his legal representative, Pequeno-Martinez moved to terminate removal proceedings based on the theories that deferred adjudication was not a conviction and/or he should be afforded first offender treatment pursuant the Board of Immigration Appeals' ("Board") holding in In Re Manrique, Int. Dec. 3250 (BIA 1995). A.R. at 161-65.

The immigration judge found that Pequeno-Martinez was subject to removal based on the charge pertaining to a controlled substance violation, but not for having been convicted of an aggravated felony. A.R. at 104. The immigration judge further found that Pequeno-Martinez came "within the ambits of Matter of Manrique" and terminated proceedings. A.R. at 101, 105.

The Service reserved its right to appeal and timely filed a Notice of Appeal with the Board. A.R. at 97-100. The Notice of Appeal alleged that the immigration judge erred in finding that Pequeno-Martinez was not removable for having been convicted of an aggravated felony and erred in terminating proceedings based on Matter of Manrique. A.R. at 99-100. In its appeal brief, the

Service expanded on these issues. A.R. at 65-82. Pequeno-
Martinez filed a memorandum in support of the decision of the
immigration judge which incorporated and adopted the decision of
the immigration judge as that of Pequeno-Martinez. A.R. at 62.

In a decision dated July 18, 2002, the Board sustained the
Service's appeal. The Board found that Matter of Manrique was
superseded by the enactment of the definition of "conviction"
(§101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A)) and that
both the Fifth Circuit Court of Appeals and Board had found that a
deferred adjudication was a "conviction" for immigration purposes.
The Board further found that the conviction amounted to an
aggravated felony. The Board reinstated removal proceedings,
vacated the immigration judge's order and ordered Pequeno-Martinez
removed to Mexico. A.R. at 61[2].

On August 16, 2002, Pequeno-Martinez filed a Motion to
Reconsider Decision, Motion to Reopen to Consider Special Motion
for 212(c) Relief, Motion to Remand. A.R. 9-18. The Motion
argued that the Board should reconsider its decision based on the
proposed regulations for relief pursuant to §212(c) of the Act, 8

_____

[2] The Board referenced <u>Matter of Salazar-Regino</u>, 23 I&N Dec. 223
(BIA 2002) which is the Board precedent decision giving rise to
the pending writ of habeas corpus before this Court - <u>Salazar-
Regino v. Trominski, et al.</u>, Civil Action No. B-02-045.

U.S.C. §1182(c) based on the Supreme Court's holding in <u>INS v. St.</u> <u>Cyr</u>, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). He further argued that the Board erred in vacating the immigration judge's order and ordering him removed instead of remanding for development of a record. Finally, Pequeno-Martinez alleged the Board erred in failing to consider the date of the conviction and the retroactive application of the law. <u>Id</u>. The Service filed a memorandum in support of the decision of the Board agreeing with the Board's findings. A.R. at 4-5. The Board has not ruled on Pequeno-Martinez' motion to reconsider, reopen, and remand.

Pequeno-Martinez also filed a petition for review with the Fifth Circuit Court of Appeals ("Fifth Circuit") on August 15, 2002. Government Exh. "A". However, on October 1, 2002, Pequeno-Martinez filed an unopposed motion to dismiss the petition for review. Government Exh. "B". The Fifth Circuit dismissed the petition based on that motion. Government Exh. "C".

## ARGUMENT

### I. PETITIONER MAY NOT CHALLENGE HIS REMOVABILITY IN HABEAS CORPUS BECAUSE THE COURT OF APPEALS MAY ADDRESS THE ISSUES HE RAISES ON PETITION FOR REVIEW.

**A.    Habeas Corpus Is Not Available Where the Court of Appeals Can Hear the Issues Presented by a Petitioner.**

The law of the circuit is clear that habeas corpus is not available where the court of appeals could have heard the issue presented by a petitioner.  See Santos v. INS, 228 F.3d 591, 596 (5th Cir. 2000); Rivera-Sanchez v. INS, 198 F.3d 545, 547-48 (5th Cir. 2000); Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 302 (5th Cir. 1999).

In Santos, the Court held in a habeas action that habeas corpus was not available to a "transition" rule alien – an alien whose deportation proceeding was commenced before April 1, 1997, where the Board's decision was entered after October 30, 1996 – where the alien had previously obtained review in the court of appeals pursuant to a petition for review.  Santos, 228 F.3d at 597.  Requena-Rodriguez involved a transition rule criminal alien who challenged the retroactive application of §440(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), which barred discretionary relief from deportation for certain criminal aliens.  190 F.3d at 302.  The Court held that habeas corpus was available where no review was available in the court of appeals.

In Rivera-Sanchez, the Court held that the district court lacked jurisdiction over the alien's habeas petition because the issues raised by Rivera could have been heard in a petition for review.  198 F.3d at 547-48.  In that case, Rivera sought to

6

challenge a final removal order in habeas corpus. _Id_. at 546-

47. The Court held that Rivera, who was not subject to any

limitation on review in the court of appeals, could not forego a

petition for review and challenge his order in habeas corpus.

_Id_. at 547-48.

> [H]abeas jurisdiction exists only where
> "challenges cannot be considered on direct review
> by the court of appeals." Requena-Rodriguez, 190
> F.3d at 305.  Section 309(c)(4)(G) of IIRIRA
> denies us jurisdiction to consider petitions for
> review only when an alien has committed a
> referenced criminal offense. . . .  [W]e have
> jurisdiction to review directly a deportation
> order entered against Rivera.  Accordingly, the
> district court lacked jurisdiction to entertain
> Rivera's habeas petition.  See Requena-Rodriguez,
> 190 F.3d at 305.

_Id_.  Thus, collateral challenges under §2241 are not available

where direct review is available in the court of appeals.

    This habeas petition raises purely legal challenges

(statutory-construction, retroactivity, constitutional) to the

Board's finding that Pequeno-Martinez is removable for

conviction of a controlled substances offense or aggravated

felony, which are reviewable in the court of appeals by means of

a petition for direct review. See Aragon-Ayon v. INS, 206 F.3d

847 (9th Cir. 2000) (court of appeals has jurisdiction to decide

whether criminal alien is removable for conviction of an

"aggravated felony" or drug offense).  Habeas corpus is an

extraordinary remedy of last resort that is not available where,
as here, Pequeno-Martinez has failed to exhaust his judicial
remedies and is misusing habeas corpus to obtain review of
issues that are reviewable in the court of appeals. See
Castro-Cortez v. INS, 239 F.3d 1037, 1043-44 (9th Cir. 2001) (no
habeas jurisdiction to review removal orders under §2241 where
direct review was available in court of appeals). Cf. Requena-
Rodriguez v. INS, 190 F.3d 299, 302 (5th Cir. 1999) (under
predecessor review scheme for deportation orders, no habeas
jurisdiction to review issues that could have been reviewed in
court of appeals by
means of direct review); Santos v. Reno, 228 F.3d 591, 596-97
(5th Cir. 2000)(same).

**B.    The Court of Appeals on Petition for Review Has
Jurisdiction to Determine Jurisdiction and to Review
Substantial Constitutional Issues Even Where the Court's
Review is Restricted by INA §242(a)(2)(C).**

Under the post-Illegal Immigration Reform and Immigrant
Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546
(Sept. 30, 1996) ("IIRIRA") judicial review scheme, the courts
of appeals' jurisdiction over challenges to removal orders by
certain classes of criminal aliens, including those who have
committed a controlled substance offense or an aggravated felony
under INA §237(a)(2)(A)(iii) or (B), 8 U.S.C.§1227(a)(2)(A)(iii)

8

or (B) is restricted.   §242(a)(2)(C), 8 U.S.C. §1252(a)(2)(C)

(West 2001);[3] Calcano-Martinez v. INS, 121 S. Ct. 2268, 2270

(2001).

Notwithstanding the language of INA §242(a)(2)(C), however,

the court of appeals retains jurisdiction to determine whether

it has jurisdiction over a particular matter.   Balogun v.

Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001) ("Despite this

denial of jurisdiction, we retain jurisdiction to review

jurisdictional facts."); Lopez-Elias v. Reno, 209 F.3d 788, 791

(5th Cir. 2000), cert. denied 121 S. Ct. 757 (2001); Flores-Leon

v. INS, 272 F.3d 433, 437-38 (7th Cir. 2001).   Accordingly, on

petition for review the court of appeals will review whether

Petitioner is (1) an alien, (2) who is removable, (3) by reason

of having committed a criminal offense covered in §237(a)(2)(B)

of the Act.   §242(a)(2)(C) of the Act, 8 U.S.C. §1252(a)(2)(C)

(West 2001); Balogun, 270 F.3d at 278.

---

[3]INA §242(a)(2)(C) provides:

Notwithstanding any other provision of law, no court shall
have jurisdiction to review any final order of removal
against an alien who is removable by reason of having
committed a criminal offense covered in [INA] section
212(a)(2) [8 U.S.C. §1182] or 237(a)(2)(A)(iii), (B), (C),
or (D) [8 U.S.C. §1227], or any offense covered by section
237(a)(2)(A)(ii) for which both predicate offenses are,
without regard to their date of commission, otherwise
covered by section 237(a)(2)(A)(i).

8 U.S.C. §1252(a)(2)(C) (West 2001) (emphasis added).

The court of appeals also retains "jurisdiction to consider whether the jurisdiction-stripping provisions of the statute are being constitutionally applied and to consider any substantial constitutional claims." Balogun, 270 F.3d at 278 n.11. (describing substantial constitutional claims as an "alternative route to jurisdiction"); and see Webster v. Doe, 486 U.S. 592, 603 (1988); Flores-Leon v. INS, 272 F.3d 433, 437-38 (7th Cir. 2001) ("an alien may challenge his deportability on constitutional grounds directly in the court of appeals provided that he raises a substantial constitutional claim"); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 n.2 (11th Cir. 2001) (holding that there is no "statutory constraint on [the court's] jurisdiction to address constitutional challenges") (citing Richardson v. Reno, 180 F.3d 1311, 1316 n. 5 (11th Cir. 1999)); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1311 (2001) ("Despite the broad language of §1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA."); Lara-Ruiz v. INS, 241 F.3d 934, 938-39 (7th Cir. 2001) (same).  If the court of appeals determines that the jurisdictional facts for review preclusion are present, and that no substantial constitutional issues are raised, it must dismiss the petition for review for lack of jurisdiction.  Lara-Ruiz, 241 F.3d 938-39.

**C.    Petitioner Cannot Collaterally Attack His Order of Removal
in Habeas Corpus Because Direct Review in the Court of
Appeals Is Available on Petition for Review.**

Here, it is clear that Pequeno-Martinez may raise his
issues in the court of appeals on petition for review. Pequeno-
Martinez challenges whether he is removable based on a drug
conviction. The court of appeals would address that issue in the
course of analyzing its "jurisdiction to determine jurisdiction"
under INA §242(a)(2)(C). See Balogun v. Ashcroft, 270 F.3d at
278; Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir. 2000), cert.
denied, 121 S. Ct. 757 (2001). Moreover, to the extent that
Pequeno-Martinez raises any substantial constitutional issues,
the court of appeals retains jurisdiction over any
constitutional issues regarding the application of a ground of
removal. Balogun, supra.

In the present litigation, Pequeno-Martinez has
circumvented normal procedures by withdrawing his petition for
review in the Fifth Circuit. Instead of challenging his removal
in the court of appeals, Pequeno-Martinez merely filed a habeas
petition in this Court. The court of appeals could have
reviewed Pequeno-Martinez' claims on petition for review had he
not withdrawn it. He cannot now obtain such review by way of

11

habeas corpus.   Accordingly, this Court lacks jurisdiction over
the habeas corpus petition and the petition should be dismissed.

### II.   THIS COURT MAY NOT REVIEW THE FINDINGS OF FACT IN THE UNDERLYING REMOVAL ORDER.

This Court also has no habeas jurisdiction to review the
Board's or Immigration Judge's fact-findings underlying the
removal order.   The scope of review in habeas corpus is limited
to pure questions of law. 8 U.S.C. §2241(c) (authorizing habeas
corpus only where a person is being held in custody in
"violation of the Constitution or laws of the United States")
(emphasis added); INS v. St. Cyr, 533 U.S. 289, 306
(2001)(habeas corpus traditionally has not been available to
review factual determinations made by the Executive Branch in
deportation cases); Carranza v. INS, 277 F.3d 65, 73 n. 6 (1st
Cir. 2002) (only "[p]urely legal questions" in deportation
orders are subject to habeas review and courts may not "second-
guess[] the [Board's] factual findings"); Bowrin v. INS, 194
F.3d 483, 490 (4th Cir. 1999) ("only questions of pure law [in
deportation orders] will be considered on §2241 habeas review.
Review of factual or discretionary issues is prohibited.").

This Court does not have jurisdiction to review the findings of fact.

### III.   ASSUMING, ARGUENDO, THIS COURT HAS HABEAS JURISDICTION, ITS REVIEW OF THE UNDERLYING REMOVAL ORDER IS LIMITED TO THE ADMINISTRATIVE RECORD.

Even assuming this Court has habeas jurisdiction notwithstanding that Pequeno-Martinez failed to exhaust his available judicial remedies and that there is no habeas jurisdiction to review fact-findings, the Court may not conduct a de novo evidentiary hearing to receive and consider new evidence. As the Supreme Court has recently made clear, review of the legality of a removal order is limited to the administrative record that was before the Board and served as the basis of the removal order. INS v. Ventura, 123 S.Ct. 353, 355-56 (2002). Therefore, to the extent this Court has habeas jurisdiction over Pequeno-Martinez' removal order, going outside the administrative record and conducting a de novo evidentiary hearing to render its own factual findings is reversible error. The Court can only review a challenge to the legality of the removal or deportation order on the basis of claims and evidence presented to the agency below and actually addressed and decided by the agency below. See id.

13

Additionally, in the Act, Congress has expressly directed that review of removal orders is limited to "the administrative record on which the order of removal is based." Section 242(b)(4)(A) of the Act, 8 U.S.C. §1252(b)(4)(A). If this Court has habeas jurisdiction to review the removal order, then that review is likewise limited to the administrative record.

### IV. ASSUMING, ARGUENDO, THIS COURT HAS HABEAS JURISDICTION, PEQUENO-MARTINEZ MUST EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE THIS COURT CAN REVIEW THE REMOVAL ORDER, WHICH REQUIRES ALL EVIDENCE BE PRESENTED TO THE AGENCY BEFORE IT IS PRESENTED TO THIS COURT.

Under Fifth Circuit law, exhaustion of administrative remedies is a prerequisite to habeas review of a removal order. "A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right ... ." Section 242(d)(1) of the Act, 8 U.S.C. §1252(d)(1); Goonsuwan v. Ashcroft, 252 F.3d 383 (5th Cir. 2001). Any evidence submitted to this Court is new evidence that has not been presented to the agency below.

Pequeno-Martinez failed to exhaust his administrative remedies when he failed to present any new evidence to the

14

agency.   Accordingly, this Court has no jurisdiction to

consider any new evidence that Pequeno-Martinez may submit and

must confine its review to the administrative record to

determine the legality of the Board's removal order.

### V. PEQUENO-MARTINEZ HAS BEEN CONVICTED OF AN OFFENSE THAT IS A VIOLATION OF A LAW RELATING TO A CONTROLLED SUBSTANCE BECAUSE, ALTHOUGH HE RECEIVED DEFERRED ADJUDICATION, HE PLEAD GUILTY AND WAS PLACED ON FOUR YEARS COMMUNITY SUPERVISION.

Pequeno-Martinez argues that he is not removable as charged

because he is not properly considered convicted under the

definition set forth at §101(a)(48) of the Act, 8 U.S.C.

§1101(a)(48).   Pequeno-Martinez' petition is dependant on the

construction of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48).[4]

Pequeno-Martinez pled guilty in state court to possession

of marihuana and was placed on four years community supervision.

Pursuant to §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), this

properly constitutes a conviction because Pequeno-Martinez

entered a plea of guilty and the state judge imposed a restraint

on his liberty.   Section 101(a)(48) of the Act, 8 U.S.C.

---

[4] By now, the Court should have an understanding of the history and policy concerns that determined whether an alien would be considered to be convicted for immigration purposes prior to 1996.

§1101(a)(48), eliminates the prior administrative and judicial exceptions for state deferred adjudications, prejudgment probations, vacated or expunged offices, or first-time state drug offenses. The plain reading of the statute supports this conclusion.

> A.  Congress' intent is clear and unambiguous:  the plain language of the statute requires only a formal judgment of guilt, or a plea and some form of restraint on liberty, and there is no exception for vacated, dismissed, or expunged convictions or first-time drug offenses of simple possession, and none may be implied.

The starting point for statutory construction is the language of the statute.  See INS v. Phinpathya, 464 U.S. 183, 188 (1984); see also INS v. Cardoza-Fonseca, 480 U.S. 421. 431 (1987).  The plain meaning of the words used is the paramount indicia of congressional intent.  Cardoza-Fonseca, 480 U.S. at 431.  It is assumed that the legislative purpose is expressed by the plain meaning of the words used.  Phinpathya, 464 U.S. at 189.

The plain language of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), states that "the term 'conviction' means ... if adjudication of guilt has been withheld, ... the alien has

16

entered a plea of guilty ... and a judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." §101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A).  There is no question that Pequeno-Martinez's disposition comes squarely within this definition, because he plead guilty to the offense and the judge imposed a term of four years community supervision.

When a definition declares what a term "means" -- as opposed to what it "includes" -- it excludes any meaning that is not stated.  Colautti v. Franklin, 439 U.S. 379 (1978).  In addition, as the Supreme Court has made very clear, exceptions to a statutory definition of "conviction" must be expressly stated and may not be implied.  See Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 111 (1983), superseded by statute as stated in United States v. Sherbondy, 865 F.2d 996 (9th Cir. 1988); Andrus v. Glover Construction Co., 446 U.S. 608 (1980). There are no exceptions for the kinds of state dispositions that the Board previously determined would not be considered a "conviction" for reasons of policy, such as vacated or expunged state convictions, or first-time drug offenses of simple possession under federal or state law.

Since this is the case, Pequeno-Martinez has been "convicted" for federal immigration purposes under the plain meaning of the statute. He entered a plea of guilty to the offense of possession of marihuana and he was given four years community supervision. It is clear that Congress intended him to be considered convicted for immigration purposes. Congress has spoken to the precise question at issue. Its intent is clear.

> B.   Congress' intent is also clear and unambiguous, because the Committee Report shows that Congress intended to "broade[n]" the definition of "conviction," eliminate the effects of ameliorating statutes, make guilt not rehabilitation the dispositive factor, and prevent aliens who are guilty of criminal conduct from escaping the immigration consequences of their crimes.

A clear statement of legislative purpose in a committee report is powerful evidence of Congress' intent and should be given effect. See Cardoza-Fonseca, 480 U.S. 428; Mastro Plastics Corp. v. NLRB, 350 U.S. 270 (1956); Church of the Holy Trinity v. United States, 143 U.S. 457 (1892).

Congress explicitly stated in the Committee Report that the purpose of adding §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), was to "**deliberately broade[n]**" the preexisting definition of a

conviction set forth in <u>Ozkok</u>.  <u>See</u> H.R. Conf. Rep. No. 828,

104th Cong., 2nd Sess. 224 (1996) (emphasis added).  This shows

that Congress was dissatisfied with the preexisting

interpretation of what constituted a conviction, and intended to

expand it to include more kinds of dispositions than previously

covered -- thus clearly encompassing Pequeno-Martinez's first-

time state drug offense, which previously would not have

qualified as a conviction under <u>Matter of Manrique</u>.

     The Committee Report shows that Congress clearly intended

the dispositive factor for determining whether an alien has been

convicted for immigration purposes to be whether he is **<u>guilty of</u>**

**<u>criminal conduct</u>** -- not the type of disposition he received or

whether he is eligible for rehabilitative treatment of some

type. Thus, in the Committee Report Congress states:

> As a result [of ameliorating provisions],
> aliens who have clearly been guilty of
> criminal behavior and whom Congress intended
> to be considered "convicted" have escaped
> the immigration consequences normally
> attendant upon a conviction.

H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. 224 (1996).  The

Committee Report also states that Congress wanted to stop

treatment "that **<u>prevents the original finding or confession of</u>**

**<u>guilt to be considered a 'conviction' for deportation purposes</u>**"

and that Congress was seeking **<u>to "clarif[y] [its] intent that .</u>**

<u>. . the original finding or confession of guilt is sufficient to</u>
<u>establish a 'conviction' for purposes of the immigration laws."</u>
<u>Id.</u> (emphasis added).[5]

The Committee Report demonstrates a clear and unambiguous intent on Congress' part to make the type of disposition that Pequeno-Martinez received a conviction for immigration purposes. Most importantly, it rejects the policies of leniency, rehabilitation, and deference to differing laws that led the Board and the courts to adopt the preexisting state exceptions to the definition of a conviction. Accordingly, the Committee Report -- like the plain language of the statute -- makes clear that Congress intended Pequeno-Martinez to be "convicted" for immigration purposes.

> C. <u>Congress' intent is clear and</u>
> <u>unambiguous:  other related provisions</u>
> <u>of the Act and their legislative</u>
> <u>history show that Congress has now</u>
> <u>implemented a tough new immigration</u>
> <u>policy toward criminal aliens that</u>
> <u>rejects leniency and rehabilitation in</u>
> <u>favor of removal.</u>

It is well settled that in determining the meaning of a statute, all related parts of the statute should be construed

---

[5]  These latter two statements were made by Congress addressing, by way of example, "deferred adjudications," or the types of state dispositions that deferred or withheld judgment upon probation but then required some further proceeding on guilt or innocence upon a violation of probation.

together.    See, e.g., Sanford v. Commissioner, IRS, 308 U.S. 39
(1939).  Each provision that pertains to the same subject must
be construed in pari materia with other sections on the same
subject, and this rule has the greatest force where statutes
were enacted at the same time.  United States v. Steward, 311
U.S. 60 (1940); Erlenbaugh v. United States, 452 U.S. 967
(1972);  2B Singer, Sutherland Statutory Construction §51.03 at
140 (5th ed. 1992).

Construing §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48),
in pari materia with other provisions enacted in IIRIRA, it is
clear that the Board's construction in the present case reflects
a new, tougher policy on Congress' part toward criminal aliens,
which does not want them to be treated leniently.  Section
101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), was one of several
amendments in IIRIRA that were designed to implement this
policy.  In addition to enacting the section, Congress also
enacted a provision that expands the number of crimes that
render an alien deportable for commission of an "aggravated
felony.  See §101(a)(43) of the Act, 8 U.S.C. §1101(a)(43)
(Supp. IV 1998).  It created new custody rules mandating the
detention of criminal aliens pending their proceedings.  See
§236(c) of the Act, 8 U.S.C. §1226(c) (Supp. IV 1998).  It

21

withdrew discretionary relief for criminal aliens.  See §242A of the Act, 8 U.S.C. §1229a (Supp. IV 1998).  And, Congress eliminated judicial review for several kinds of criminal aliens. See §242(a)(2)(C) of the Act, 8 U.S.C. §1229(a)(2)(C).

Indeed, the legislative history of the bills that eventually became IIRIRA is replete with concerns about recidivism.  It was in this context that Congress enacted IIRIRA in 1996 and the definition of "conviction" in §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48).  Congress' concerns about the unacceptably high rate of recidivism of criminal aliens, and the threat they pose to public safety shows a clear intent to reach all aliens - like Pequeno-Martinez - who are guilty of criminal conduct and to not afford them any leniency, especially by giving effect to rehabilitative procedures or policies that would permit them to avoid removal.  Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), implements that intent.

### VI. PEQUENO-MARTINEZ HAS BEEN CONVICTED OF AN AGGRAVATED FELONY AND IS INELIGIBLE FOR RELIEF.

Pequeno-Martinez argues that he has not been convicted of an aggravated felony because his crime was simple possession of a controlled substance and not a drug trafficking crime.  He

22

bases his position on the Board's holding in Matter of L-G-, 21 I&N Dec. 89 (BIA 1995) and Matter of K-V-D-, Int. Dec. 3422 (BIA 1999). Pequeno-Martinez contends that the Fifth Circuit's position in U.S. v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), upon which the Board relied in deciding his case, was dicta and, therefore, not controlling. He believes that the Board should have relied on its prior holding in K-V-D-, in deciding his case. Pequeno-Martinez fails to consider that, prior to K-V-D-, the Fifth Circuit held that a crime that violated the Controlled Substances Act and is a felony under either state or federal law is an aggravated felony, albeit in a sentencing guidelines context. U.S. v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir. 1997).

In Matter of L-G-, the Board held that the federal definition of "felony" within the meaning of 18 U.S.C. §924(c) (1994) applied in determining whether a crime was an aggravated felony. Matter of L-G- at 94. Further, the Board found that for immigration purposes, a state drug crime would qualify as a "drug trafficking crime" if it were punishable as a felony under the Controlled Substances Act (21 U.S.C. §801, et seq.).

Finally, the Board declared its disagreement with the Second Circuit Court of Appeals decision in Jenkins v. INS, 32 F.3d 11 (2d Cir. 1994) (a state conviction for a drug offense

which is a felony under state law, but a misdemeanor under
federal law is a conviction classified as an aggravated felony)
and declined to apply the decision in cases arising outside the
Second Circuit.  <u>Matter of L-G-</u> was decided in 1995 - prior to
the enactment of IIRIRA.

The term "aggravated felony" was first added to the Act by
Sec. 7342 of the Anti-Drug Abuse Act of 1988, Pub. L. 100-690, 102
Stat. 4181.  The term was first defined within the federal
sentencing guidelines.  The types of crimes with immigration
consequences have expanded over the years to its present
definition. §101(a)(43) of the Act, 8 U.S.C. §1101(a)(43).
Included in the definition of "aggravated felony" is "illicit
trafficking in a controlled substance (as described in section 102
of the Controlled Substances Act) including a drug trafficking
crime (as defined in section 924(c) of title 18, United States
Code)."  §101(a)(43)(B) of the Act, 8 U.S.C. §1101(a)(43)(B).

In December 1997, the Fifth Circuit, in addressing the
issue for the first time, found that a Texas felony conviction
for possession of marijuana to be an "aggravated felony" as that
term was defined within the sentencing guidelines.  <u>U.S. v.
Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997). The United States
Code defines a "drug trafficking crime" as "any felony **punishable**

24

under the Controlled Substances Act (21 U.S.C. §801 et seq.) ...
."    18   U.S.C.   924(c)(2)   (emphasis   added).   The   Controlled
Substances Act defines a "felony" as "any Federal or **State offense**
classified by applicable Federal or State law as a felony."   21
U.S.C.  §802(13)  (emphasis  added).   Further,  the  Controlled
Substances Act defines "felony drug offense" as "an **offense** that
**is punishable** by imprisonment for more than 1 year under any law
of the United States or **of a State** ... ."   21 U.S.C. §802(44)
(emphasis added); <u>see generally</u>, <u>U.S. v. Sandle</u>, 123 F.3d 809,
811-812 (5th Cir. 1997) (applying 21 U.S.C. §802(44) to a Texas
possession of cocaine offense, for which the individual received
deferred  adjudication,  and  finding  that  a  prior  Texas  state
conviction  was  properly  considered  a  prior  felony  drug  offense
sufficient to trigger the enhancement provisions of the federal
Sentencing Guidelines).

    In interpreting 18 U.S.C. §924(c)(2), the Fifth Circuit in
<u>Hinojosa-Lopez</u> found that this provision "defines a 'drug
trafficking crime' as 'encompassing *two separate* elements: (1)
that the offense be punishable under the Controlled Substances
Act (or one of the other two statutes defined); and (2) that the
offense be a felony.'" <u>Hinojosa-Lopez</u> at 694 <u>quoting</u> <u>U.S. v.</u>
<u>Restrepo-Aguilar</u>, 74 F.3d 361, 364 (1st Cir. 1996).   The Fifth

Circuit further explained that "a state drug offense is properly deemed a 'felony' within the meaning of 18 U.S.C. §924(c) as incorporated by application of note 7 to U.S.S.G. §2L1.2, if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law." <u>Id.</u>

Pequeno-Martinez was convicted under the Texas Controlled Substances Act §481.121 for possession of marihuana. He was charged and convicted for intentionally and knowingly possessing a usable quantity of marihuana in an amount of fifty (50) pounds or less but more than five (5) pounds. This offense is a third degree felony. In the State of Texas, a third degree felony is punishable by a term of imprisonment of not more than ten years or less than 2 years. <u>Tex. Penal Code Ann.</u> §12.34 (Vernon 1998). The fact that adjudication was deferred, the imposition of the sentence was suspended and Pequeno-Martinez was received community supervision in lieu of imprisonment is irrelevant. The offense Pequeno-Martinez was convicted of is a **<u>felony</u>** which is **<u>punishable</u>** for a term of more than one year and is a violation of the Controlled Substances Act. Therefore, the definition of "aggravated felony" applies to this case and Pequeno-Martinez has been convicted of a crime classified as an aggravated felony.

In December 1999, the Board ignored the Fifth Circuit holding in Hinojosa-Lopez, finding that the decision defined the term "aggravated felony" in a sentencing guideline context and the Board was free to interpret that term differently in an immigration context. Matter of K-V-D-, Int. Dec. 3422 (BIA 1999). The Board then went on to hold that a Texas felony conviction for simple possession of a controlled substance, which is a misdemeanor under federal law, is not a conviction of an aggravated felony within the meaning of §101(a)(43)(B) of the Act, 8 U.S.C. §1101(a)(43)(B). Thus, it affirmed its prior decision in Matter of L-G-.

The Fifth Circuit revisited the issue of aggravated felony in May 2001. U.S. v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001). First, the Fifth Circuit affirmed its earlier holding in Hinojosa-Lopez that a state drug conviction is a "drug trafficking crime" and, therefore, an "aggravated felony" if the offense is punishable under the Controlled Substances Act and if the offense is a felony under state law. The Hernandez-Avalos Court then went on to address some of the same concerns expressed by Pequeno-Martinez - the lack of uniform application of the law, both within the Circuit and throughout the United States.

27

Like Hernandez-Avalos, Pequeno-Martinez suggests that it is fundamentally unfair to apply the strict interpretation of "aggravated felony" as set out in <u>Hinojosa-Lopez</u> in some cases and the more lenient Board precedent to other cases.  He contends that since he was found by the Board of having been convicted of an aggravated felony, he was not afforded the same opportunities as an alien whose removal proceedings were conducted at an earlier time and followed then-existing Board precedent.  The Fifth Circuit clearly rejected that contention finding no reason "to hold that it is fundamentally unfair to treat Hernandez [or Pequeno-Martinez] as an aggravated felon because he should have the benefit of an agency's erroneous interpretation of applicable law."  <u>Hernandez-Avalos</u> at 509.

Finally the Fifth Circuit found no validity in interpreting 18 U.S.C. §924(c) "differently based on this distinction between sentencing and immigration cases; it is, after all, the same words of the same phrase from the same statute that is being interpreted in each instance."  <u>Id</u>.

We agree that the plain language of the statutes "indicate[s] that Congress made a deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the [Controlled Substances Act]," [U.S. v.] Briones-Mata, 116 F.3d [308] at 310, and that the lack of a uniform substantive test for determining which drug offenses qualify as "aggravated felonies" "is the consequence of a deliberate policy choice by Congress" that the BIA and the courts cannot disregard. [U.S. v.] Restrepo-Aguilar, 74 F.3d [361] at 366. We are therefore unpersuaded by the BIA's and Second Circuit's approach to interpreting the identical statutory term differently depending upon whether the case involves sentencing or immigration.

• Hernandez-Avalos at 510.

Based on the Fifth Circuit's decision in Hernandez-Avalos, the Board recently held that an alien whose adjudication of guilt had been deferred following a plea of guilty to possession of a controlled substance is considered to have been convicted of the offense for immigration purposes. See Matter of Salazar-Regino, 23 I&N Dec. 223 (BIA 2002). Additionally, the Board held that a conviction for possession of a controlled substance is a conviction of an aggravated felony. Id. at 235. The Board also held that it would not apply the Ninth Circuit's decision in Lujan-Armendariz outside the Ninth Circuit and that Matter of K-V-D-, Int. Dec. 3422 (BIA 1999) would not be applied to cases arising within the Fifth Circuit's jurisdiction. Id.

In a later decision, the Board held that a determination of whether a state drug offense is a "drug trafficking crime", and thus an aggravated felony, will be based on the decisional authority of the federal circuit courts of appeal and not by reference to any legal standard adopted by the Board. Matter of Yanez-Garcia, 23 I&N Dec. 390 (BIA 2002). The Board reexamined its decisions in Matter of K-V-D-, Matter of L-G-, and Matter of Davis, 20 I&N Dec. 536 (BIA 1992). The Board overruled its decision in Matter of K-V-D-, and modified its decisions in Matter of L-G- and Matter of Davis to the extent they are inconsistent with its ruling in Matter of Yanez-Garcia. Matter of Yanez-Garcia at 396.

Pequeno-Martinez's claim that applying the Board's decision in Matter of Roldan and the Fifth Circuit's decision in Hernandez-Avalos to his case deprives him of procedural due process involving "fair notice" is suspect. Pequeno-Martinez's conviction was entered in January 1997, which is after the enactment of IIRIRA. It is absurd to believe that Pequeno-Martinez considered the immigration consequences of his actions prior to engaging in his criminal activity. Likewise, if Pequeno-Martinez had truly considered the immigration consequences as strategy in his criminal proceedings, he would have been alerted to the sweeping statutory changes brought about by IIRIRA and would have been cautious in relying on decisions rendered prior to its enactment.

30

In fact, the criminal judgment itself warns Pequeno-Martinez of the possibility that the conviction may have immigration consequences.  A.R. at 128.

"[T]he United States has always been a nation of immigrants; it is one of our greatest strengths.  But aliens arriving at our shores must understand that residency in the United States is a *privilege*, not a *right*.  For those aliens ... who engage in ... criminal acts during their stay here, this country will not offer its embrace."  <u>Matter of Jean</u>, 23 I&N Dec. 373, 384 (A.G. 2002).  Having no **right** to remain in this country, Pequeno-Martinez should have been aware of the possibility that his **privilege** to reside here legally was in jeopardy at the time he was arrested for his drug offense and, certainly at the time of his conviction.  To believe otherwise is unconscionable.

Until the Board has rendered its decision, there is no administratively final decision.  As an ongoing application, the alien runs the risk that, during the pendency of an appeal, the law may change, perhaps in an unfavorable way.  The law in this area is always evolving and what may be the law today may not be the law tomorrow.  A case decided according to Board precedent yesterday may be decided differently today based on changes in the law, either statutorily or through court decisions.  Pequeno-

Martinez has been convicted of an offense defined by the Controlled Substances Act. The crime for which he was convicted - possession of marihuana in an amount of fifty (50) pounds or less but more than five (5) pounds - is a felony in the State of Texas. In the Fifth Circuit, this amounts to a "drug trafficking crime" and, therefore, an aggravated felony.

### VII. THE RULING ON THE NINTH CIRCUIT COURT IN LUJAN-ARMENDARIZ v. INS SHOULD NOT BE APPLIED IN THIS CASE AS IT HAS NO EFFECT ON PEQUENO-MARTINEZ'S CONVICTION.

In Lujan-Armandariz v INS, 222 F.3d 728 (9th Cir. 2000), the Ninth Circuit consolidated the cases of Mauro Roldan-Santoyo[6] and Lujan-Armendariz to determine whether the definition of "conviction" enacted in §101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A), repealed the Federal First Time Offender Act[7],

---

[6] Roldan's appeal to the Board resulted in Matter of Roldan, Int. Dec. 3377 (BIA 1999).

[7] The FFOA applies to first-time federal drug offenders guilty of simple possession, who have the charges against them dismissed after they plead guilty and serve their term of probation. The FFOA provides that after such a charge is dismissed, it "shall not be considered a conviction for the purpose of disqualification or disability imposed by law upon conviction of a crime, or for any purpose." 18 U.S.C. §3607(b). Further, the person shall be restored, "in the contemplation of the law to the status he occupied before such arrest or institution of criminal proceedings." Id., §3607(c).

and whether such treatment should be extended to the FFOA's state counterparts.  The first-time drug possession convictions of Roldan and Lujan had been set aside pursuant to state rehabilitative statutes.  Finding that their convictions satisfied the requirements of the FFOA, the Ninth Circuit concluded that the convictions of Roldan and Lujan were not "convictions" for immigration purposes and they rejected the interpretation of §101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A) adopted by the Board in Matter of Roldan, Int. Dec. 3377.

In reaching this conclusion, the Ninth Circuit decided that the Board had, in effect, wrongly construed the definition of "conviction" to be an implied repealer of the FFOA, when it was in fact a "minor exception" to that definition.  Id. at 744-45. The panel then concluded that since the FFOA was an exception to the definition of "conviction," it would offend equal protection under the rule established by it in Garberding v. INS, 30 F.3d 1187 (9th Cir. 1994) not to extend FFOA treatment to comparable state offenders like Lujan and Roldan.  Accordingly, the panel held Lujan and Roldan could not be treated as having a

"conviction" for immigration purposes.  Lujan, 222 F.3d at 744-45, 749.[8]

The Ninth Circuit's decision in Lujan conflicts with the plain language of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), which, as shown and found by the Fifth Circuit in Moosa v. INS, 171 F.3d at 1005, is clear and unambiguous and permits no exceptions for rehabilitative state statutes.  It should be noted that even the Lujan majority noted that its decision did not effect that the conviction definition has on state expungements under state rehabilitation laws in general.  Lujan, 222 F.3d at 742.

The analysis applied by the panel in Lujan reached the issue of whether the conviction definition repeals the First Offender Act in whole or in part.  The Court concluded that it does not and that the FFOA trumps the clear language of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48).  Lujan, 222 F.3d at 742.  However, the conclusion is contrary to the longstanding rule of statutory construction that a general statute will not govern if a specific statute covers the case.  Resolution Trust

------------------------------------------------

[8]  It bears mentioning that in Garberding, the Ninth Circuit held that the FFOA need only be given effect to aliens who received lenient treatment under state programs.  Here, because Congress has expressly barred the use of deferred adjudication, Pequeno-Martinez' treatment should not be given effect.

Corp v Seale, 13 F.3d 850, 854 (5th Cir. 1994) citing Green v
Bock Laundry Mach. Co., 490 U.S. 504, 524 (1989); Morton v
Mancari, 417 U.S. 535, 550-551 (1974). Applying these principles
sub judice, §101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A),
which specifically deals with the effects of rehabilitative
expungements for immigration purposes, takes precedence over the
FFOA.

To the extent that it has addressed the issue, the Fifth
Circuit has agreed with the Board in finding that the definition
of "conviction" encompasses Texas deferred adjudications.  See
Moosa v INS, 171 F.3d 994, 1005 (holding that Texas deferred
adjudication was a "conviction" for purposes of determining an
alien's eligibility for permanent residency pursuant to § 245A
of the Act, 8 U.S.C. §1255a); Garnica-Vasquez v Reno, 210 F.3d
558 (5th Cir. 2000)(a habeas case of a petitioner with a
deferred adjudication of guilty for indecency with a child in
which the Court cited Moosa and noted that a deferred
adjudication is a conviction for immigration purposes).

Additionally, two other courts of appeals have construed
§101(a)(48) of the Act, 8 U.S.C. §1101(a)(48) differently than
the Lujan majority as to the clarity and meaning of the
statute's language as applied to rehabilitative expungements.

See <u>Herrera-Inirio v INS</u>, 208 F.3d 299 (1st Cir. 2000)(holding expunged crime of domestic violence is still a conviction for immigration purposes); <u>Griffiths v INS</u>, 243 F.3d 45 (1st Cir. 2001)(First Circuit defers to Board's interpretation of "conviction" where petitioner was subject to a "guilty filed" disposition as a result of a firearm violation under Massachusetts law) <u>United States v Campbell</u>, 167 F.3d 94 (2d Cir. 1999)(Texas drug conviction vacated upon completion of probation is a "conviction" within the meaning of new statute as incorporated by federal sentencing guidelines).

As argued, §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), makes "guilt" the dispositive factor in whether there is a "conviction" for immigration purposes - not what type of rehabilitative treatment a criminal received, and Congress intended to prevent aliens who were clearly guilty of criminal conduct from using a variety of rehabilitative procedures to escape the immigration consequences of their crimes.

Finally, the court in <u>Lujan</u> misunderstands the prior extension of federal first offender treatment to state offenders. In <u>Carr v. INS</u>, 86 F.3d 949, 951-52 (9th Cir, 1996), affirming that this extension had no effect for state firearms offenders, the Ninth Circuit repeatedly described <u>the agency's</u>

36

extension of FFOA treatment to state offenders as a "policy,"
"practice," or "approach". In addition, in Paredes-Urrestarazu
v. INS, 36 F.3d 801, 814-15 (9th Cir. 1994), the Ninth Circuit
also repeatedly described the agency's extension of FFOA
treatment to state offenders as a "policy" or "a long-standing
practice." Accordingly, the Ninth Circuit has clearly
acknowledged that the extension of FFOA treatment derived out of
Board policy and not a constitutional mandate.

Given that the extension of FFOA treatment resulted of
Board policy, it is well-established that the Board may elect to
proceed upon a different course. Rust v. Sullivan, 500 U.S.
173, 186-87 (1991) ("An agency is not required to 'establish
rules of conduct to last forever'"). As the Supreme Court has
acknowledged:

> The fact that the agency has from time to
> time changed its interpretation of the term
> . . . does not . . . lead us to conclude
> that no deference should be accorded the
> agency's interpretation of the statute. . .
> . On the contrary, the agency, . . . must
> consider varying interpretations and the
> wisdom of its policy on a continuing basis.

Chevron, 467 U.S. at 863-64. An agency need only justify its
decision to change policy by providing a "reasoned analysis."
Motor Vehicle Manufacturers Association v. State Farm Mutual

Automobile Insurance, 463 U.S. 29, 42 (1983); Davila-Bardales v.

INS, 27 F.3d 1, 5(1st Cir. 1994).

With the Board was free to reconsider the wisdom of its
interpretation on a continuing basis, the Board was justified in
taking occasion to re-evaluate its policy regarding state
expungements of convictions for at least two reasons.  First,
Congress, in enacting §101(a)(48) of the Act, 8 U.S.C.
§1101(a)(48), provided a uniform definition of a "conviction" -
a definition which had previously been provided only by the
Board's interpretation.  Second, it was appropriate for the
Board to interpret the definition of a "conviction" and its
policy regarding expungements in light of the decisions of the
Fifth Circuit regarding the role of equal protection in the
expungement context.  As such, this Court should follow the
Board and find that under §101(a)(48) of the Act, 8 U.S.C.
§1101(a)(48), Pequeno-Martinez stands convicted for immigration
purposes.  The plain language of the statute provides that
Pequeno-Martinez is removable by reason of having committed
criminal offense covered by §237(a)(2)(B)(i) of the Act, 8
U.S.C. §1227(a)(2)(B)(i).

Pequeno-Martinez's position that just because the Ninth
Circuit reached a result that was favorable to the aliens in

<u>Lujan-Armendariz</u>, he should be afforded the same consideration regardless of the fact that he falls within the jurisdiction of the Fifth Circuit is also unreasonable.  Such a broad statement has been rejected by both the Eleventh Circuit Court of Appeals ("Eleventh Circuit") and the Eighth Circuit Court of Appeals ("Eighth Circuit").  <u>Fernandez-Bernal v. Attorney General</u>, 257 F.3d 1304 (11th Cir. 2001); <u>Vasquez-Velezmoro v. INS</u>, 281 F.3d 693 (8th Cir. 2002).

Pequeno-Martinez' adjudication of guilt was deferred and he was placed on community supervision for four years - significantly longer than the one-year-or-less sentence of probation that defendants need to be eligible for FFOA relief. Since Pequeno-Martinez's sentence is different, treating him differently here is not arbitrary or unreasonable.


### CONCLUSION


This Court does not have jurisdiction to review Pequeno-Martinez' petition for writ of habeas corpus.  He failed to raise his objections with the Board's decision with the Fifth Circuit.  He failed to exhaust his administrative remedies.

Pequeno-Martinez has been "convicted" of a criminal offense as that term is defined by the Act and interpreted by the Board and the Fifth Circuit.  Additionally, Pequeno-Martinez has been convicted of an "aggravated felony" as that term is defined by the Act and interpreted by the Fifth Circuit.

For the foregoing reasons, the Court should dismiss the petition for writ of habeas corpus.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
February 7, 2003          Federal Bar No. 23937

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Return and Motion to Dismiss the Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

Paula S. Waddle, Esquire
South Texas Immigration Council
107 N. Third St.
Harlingen, TX  78550

on this 7th day of February, 2003.


LISA M. PUTNAM
Special Assistant United States Attorney

41



**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
AT NEW ORLEANS, LOUISIANA**

| | |
|---|---|
| Jaime H. Pequeno-Martinez | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| E.M. TROMINSKI, DISTRICT DIRECTOR, | ) |
| IMMIGRATION AND | ) |
| NATURALIZATION SERVICE, RONALD | ) |
| ZIGLAR, COMMISSIONER, INS, AND | ) |
| | ) |
| JOHN ASHCROFT, ATTORNEY GENERAL | ) |
| | ) |
| Respondents. | ) |

**PETITION FOR REVIEW**

Petitioner, **JAIME H. PEQUENO-MARTINEZ** respectfully requests the Court to review the decision of the Board of Immigration Appeals for the reasons set forth below:

I

Petitioner seeks review of the Decision of the Board of Immigration Appeals (BIA) dated July 18, 2002 (Copy attached as Exhibit A), vacating the decision of the Immigration Judge which had terminated Petitioner's immigration case.

II

The jurisdiction of this Court is based upon 28 USC §2341 *et seq.* and 8 USC Sec. 1252. Jurisdiction also exists pursuant to 28 USC Sec. 1331.

III

Venue is properly before this Court pursuant to 8 USC §1252(b)(2) and 28 USC §2343 because petitioner resides in this judicial circuit, and because his case was originally heard by the U.S. Immigration Court in Harlingen, Texas.

IV

Petitioner seeks review of a final administrative decision. No court has reviewed the order.


WHEREFORE, Petitioner requests that:


1. This        Petition        for        Judicial        Review        be        granted;

2. The Decision of the Board of Immigration Appeals of July 18, 2002, in this matter be overturned;

3.    The Court determine that Petitioner has not been convicted of an aggravated felony, determine that the Petitioner is entitled to apply for 212(c ) relief under the Immigration and Naturalization Act, and determine that Petitioner's legal permanent residency be restored; and

4. The Court grant such other and further relief as may be appropriate.


RESPECTFULLY SUBMITTED this _15_ day of _August_ 2002.



By: _____
Paula S. Waddle
Attorney at Law
Texas Bar No 26030400
Fed. I.D. No. 5674
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550
956.425.6987/956.425.7434(fax)

CERTIFICATE OF SERVICE

I certify that copies of the foregoing with attachments were mailed, first class postage prepaid, to the following this *15* day of *August*August, 2002:

Mr. E.M. Trominski
District Director, INS, Harlingen District Office
U.S. Immigration and Naturalization Service
2102 Teege
Harlingen, TX 78550

Mr. James Ziglar, INS Commissioner
425 Eye St. NW.
Washington, D.C. 20536

Mr. John Ashcroft, Attorney General, USA
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530-001

Paula Waddle



# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

## AT NEW ORLEANS, LOUISIANA

U.S. COURT OF APPEALS
**FILED**

OCT 1 0 2002

CHARLES R. FULBRUGE III
CLERK

JAIME PEQUENO-MARTINEZ

Petitioner,

NO. 02-60667

vs.

Agency No. A36 739 577

E.M. TROMINSKI, DISTRICT DIRECTOR,

IMMIGRATION AND

NATURALIZATION SERVICE,   RONALD

ZIGLAR, COMMISSIONER, INS, AND

JOHN ASHCROFT, ATTORNEY GENERAL

Respondents

## PETITIONER'S UNOPPOSED MOTION TO DISMISS

The Petitioner, JAIME H. PEQUENO-MARTINEZ (the "Petitioner" herein), files this Unopposed Motion to Dismiss, and shows as follows:

1. This Motion is filed pursuant to F.R. A. P. 42.

2. Petitioner no longer seeks to prosecute his Petition for Review before this Honorable Court and he respectfully requests that it be dismissed. Petitioner would be responsible for costs, if any.

3. By telephone conference on October 8, 2002, with the attorney for Respondents, Mr. Anthony P. Nicastro, Attorney, OIL, Civil Division, Department of Justice, he indicated at that the Department of Justice does not oppose the Petitioner's Motion to Dismiss.

Wherefore, premises considered, Petitioner respectfully requests that the Court

dismiss the instant proceeding, and for such other and further relief as is just.

Respectfully submitted,

Paula S. Waddle
Attorney at law
Texas Bar No 26030400
Fed. I.D. No. 5674
South Texas Immigration Council
107 N. 3rd
Harlingen, Texas 78550
(956)425.6987 / 956.425.7434(fax)

Dated: October 9, 2002

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed by certified mail, return receipt requested to Anthony P. Nicastro, Attorney, OIL, Civil Division, Department of Justice, P.O. Box 878, Ben Franklin Station, Washington, D.C. 20044 on October 9, 2002.

Paula Waddle

P's Unopposed Motion to Dismiss / *Pequeno-Martinez*,   JH



GOVERNMENT
EXHIBIT
C

```
----------------
  No. 02-60667
----------------
```

JAIME HUMBERTO PEQUENO-MARTINEZ

       Petitioner

   v.

JOHN ASHCROFT, U S ATTORNEY GENERAL

       Respondent

## ENTRY OF DISMISSAL

    Pursuant to petitioner's  motion this petition for review is dismissed this 25th day of October, 2002, see FED. R. APP. P. 42(b).

          CHARLES R. FULBRUGE III
          Clerk of the United States Court
          of Appeals for the Fifth Circuit

By: _____
          Claudia Farrington, Deputy Clerk

          FOR THE COURT - BY DIRECTION

DIS-4