United States District Court
Southern District of Texas
FILED

MAR 1 9 2003

Michael N. Milby
Clerk of Court

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAIME PEQUENO-MARTINEZ        )
                             )
                             )
v.                           )    C.A. No. B-02-214
                             )
E.M. TROMINSKI, INS DISTRICT  )
DIRECTOR,                    )
and                          )
JOHN ASHCROFT, ATTORNEY       )
GENERAL OF THE UNITED STATES. )

**PETITIONER'S MOTION TO STRIKE RETURN/MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner **Jaime Pequeño-Martinez**, prior to filing a responsive pleading to Respondents' Return and Motion to Dismiss Petition for Writ of Habeas Corpus (herein "Motion to Dismiss"), and hereby shows the court as follows:

1.    This Motion is filed pursuant to F.R.C.P. 12 (f).

2.    The Respondents filed their "Return and Motion to Dismiss Petition for Writ of Habeas Corpus" on or about February 10, 2003. This Motion is made prior to the filing of any response to the Motion to Dismiss.

4.    The Petitioner alleges that the Court should strike the pleading "Return and Motion to Dismiss Petition for Writ of Habeas Corpus" for the following reason(s):

    a. The Motion to Dismiss fails to state the ground on which it is based.

F.R. C. P. 7(b)(1). Specifically, although the Motion is entitled a Motion to Dismiss and does repeatedly urge the dismissal of the lawsuit, arguably bringing the Motion to Dismiss within the purview of F.R.C.P. 12(b), it totally fails to state upon which subsection(s) of the Rule it relies. Because of this defect in pleading, Petitioner lacks

notice and an opportunity to respond.  The exact nature of the Petitioner's burden of proof in meeting the issues raised by the Respondents' Motion to Dismiss, the relevant caselaw, the right and nature of hearing thereon, if any, the right to admission of additional evidence and relief, and the standard of review on appeal vary depending upon which subsection of Rule 12(b) is invoked.   As an  example of the differences in approach, a court in a Rule 12(b)(1) motion may consider additional evidence while the court in a Rule 12 (b)(6) motion is limited to the pleadings. *Sizova v. National Institute of Standards & Technology,* 282 F. 3d. 1320, 1326( 10th Cir. 2002); *Doe v. Hillsboro ISD,* 81 F. 3d 1395, 1401 (5th Cir. 1996).  The failure to state its grounds is particularly prejudicial to the Petitioner because the remedy sought by Respondents,  dismissal of the lawsuit, would end the Petitioner's right to bring the cause of action. This Motion to Dismiss is a singularly critical pleading.   The failure to specify the section invoked by Respondents renders the Motion to Dismiss vague and insufficient.

b.  As an additional or alternative grounds for the Motion to Strike, Petitioner alleges that  the  Motion to Dismiss  contains a request for the court not to take additional evidence (Motion to Dismiss, Pages 12-14), and an allegation regarding failure to exhaust administrative remedies (Motion to Dismiss, Pages 14-15).  If this is a F.R.C.P. 12(b)(1), the taking of additional evidence is a given. *Sizova* , op.cit. The issues of taking additional evidence may also state a discovery issue and, without Petitioner admitting same,   the issue of Petitioner's alleged failure to exhaust administrative remedies would appear to state a failure of a condition precedent and a special matter to be specifically pleaded. F.R. C. P. 9(c) .    Since neither of these specific claims, among others in the Motion to Dismiss, appear proper grounds for

dismissal of this case, Petitioner objects that they leave the pleading vague and one to which Petitioner cannot reasonably respond. Are the arguments following these expressions of concern about evidence and exhaustion of administrative remedies part of Respondents' Motion to Dismiss? The Motion to Dismiss is not clear on this point, either. The pleading should be struck.

Wherefore, premises considered, the Petitioner urges that the "Return and Motion to Dismiss Petition for Writ of Habeas Corpus" be struck by the Court, and for such other and further relief as is just.

Respectfully submitted,

Paula S. Waddle, Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, Texas  78550
(956)425.6987 / (956) 425.7434(fax)
State Bar ID #20630400
Federal ID No. 5674

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2003, a true and correct copy of the foregoing **Motion to Strike** has been served upon Ms. Lisa Putnam, SAUSA, INS, P.O. Box 1711, Harlingen, Texas by first class mail.

Paula S. Waddle

Civil Action No. B-02-214/ *Pequeño-Martinez*
**P's Motion to Strike Return/Motion to Dismiss**
Page 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAIME PEQUENO-MARTINEZ | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. B-02-214 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
| DIRECTOR, | ) | |
| and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES. | ) | |

ORDER GRANTING PETITIONER'S MOTION TO STRIKE

The Petitioner's Motion to Strike "Return and Motion to Dismiss Petition for Writ of Habeas Corpus" having been duly filed in the above-entitled proceeding, the Court having considered the Motion and  having determined that the Motion should be granted,  it is

**Ordered**   that the Petitioner's Motion to Strike "Return  and Motion to Dismiss Petition for Writ of Habeas Corpus"  be and hereby is  granted in all things; the Respondents' "Return and Motion to Dismiss Petition for Writ of Habeas Corpus" is hereby struck from the records of this case without prejudice.

Dated:   _____,   2003.

_____
**United States District Judge**