United States District Court
Southern District of Texas
FILED

MAR 1 9 2003

Michael N. Milby
Clerk of Court

9

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ )<br><br>)<br><br>)<br>v.                                          )<br>)<br>E.M. TROMINSKI, INS DISTRICT )<br>DIRECTOR,                          )<br>and                                    )<br>JOHN ASHCROFT, ATTORNEY )<br>GENERAL OF THE UNITED STATES. ) | C.A. No. B-02-214 |

## PETITIONER'S  UNOPPOSED REQUEST FOR TAKING OF JUDICIAL NOTICE

TO THE HONORABLE U.S. DISTRICT  JUDGE:

COMES NOW, JAIME PEQUENO MARTINEZ (herein "Petitioner") and respectfully requests the Court to take Judicial Notice pursuant to Federal Rule of Evidence 201.

1.     As part of their "Return and Motion to Dismiss to Dismiss Petition for Writ of Habeas Corpus", Respondents reference and attach selected pleadings from the Petition for Review filed by Petitioner herein with the Fifth Circuit.  This includes the Petition for Review itself and the subsequent Petitioner's Unopposed Motion to Dismiss  from *Jaime Pequeño Martinez vs.E. M. Trominski, District Director, Ronald Ziglar, Commissioner, INS, and John Ashcroft, Attorney General,*  filed in Court of Appeals for the Fifth Circuit, NO. 02-60667, prior to the filing of this instant proceeding.   Petitioner requests that this court take judicial notice of the single other substantive pleading filed with the Court of Appeals, the   "Respondent's Motion to Dismiss Petition for Review for Lack of Jurisdiction and Motion in the Alternative for an Extension of Time to File the Administrative Record" dated September 24, 2002. A copy is attached hereto as Exhibit A and by reference incorporated for all purposes.   Request for the taking of judicial notice of this

Motion is hereby made.

2.    In addition,  a Record of the administrative proceedings involving Petitioner has previously been filed with this Honorable Court.  Since the filing of that Record, the Board of Immigration Appeals has recently denied the Motion for Reconsideration and Reopening (Record, Pages 10-18) of Petitioner herein.  A copy of the Decision of the Board of Immigration Appeals dated March 7, 2003,  is attached hereto as Exhibit "B" and by reference herein incorporated for all purposes. This decision completes the administrative record and request for the taking of judicial notice of this document is hereby made.

3.    It is appropriate to take judicial notice of pleadings in related cases as they are both relevant and material to the case at bar, to the pending Motion to Dismiss of Respondents in the instant proceeding and to Petitioner's contemplated Opposition to dismissal. The admission of these pleadings allow the court to have complete files of the related, substantive court proceedings. *Opoka vs. INS*, 94 F.3d 392, 394 (7th Cir. 1996). *Liberty Mutual Insurance Co. vs. Rotches Pork Packers*, Inc. 969 F. 2d 1384, 1388 (2d Cir. 1992).

4.    Prior to the filing of this Request, Attorney for Petitioner did speak personally with Ms. Lisa Putnam, SAUSA, BCIS, on March 19,2003, who indicated that Respondents do not oppose this Request.

Petitioner respectfully requests that the Court take judicial notice of the attached documents.

Respectfully  submitted,

Paula S. Waddle
Fed. I.D. No. 5674
State Bar No. 20630400
Attorney for Petitioner
107 N. 3rd, Harlingen, TX  78550
956.425.6987 / 956.425.7434

**CERTIFICATE OF SERVICE**

I, Paula S. Waddle, hereby certify that a copy of the foregoing was sent by first class mail to Ms. Lisa Putnam, BCIS  Assistant District Counsel,  P.O. Box 1711, Harlingen, Texas 78550 on March 19, 2003.

Paula S. Waddle

Pequeno-Martinez vs. Trominski                    Un. Request for Judicial Notice

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| JAMIE PEQUENO-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, United States<br>Attorney General,<br><br>Respondent. | No. 02-60667<br>Agency No. A36 739 517<br><br>RESPONDENT'S MOTION TO DISMISS<br>PETITION FOR REVIEW FOR LACK OF<br>JURISDICTION AND MOTION IN THE<br>ALTERNATIVE FOR AN EXTENSION OF<br>TIME TO FILE THE ADMINISTRATIVE<br>RECORD. |

The respondent moves the Court to dismiss the Petition for
Review for lack of jurisdiction. In the alternative, respondent
moves the Court to grant respondent a 30-day extension of time to
file the administrative record.

## BACKGROUND

Petitioner Jamie Pequeno-Martinez (Pequeno-Martinez) is a
native and citizen of Mexico who was admitted to the United
States as an immigrant in 1981. Exhibit (Exh.) 1, Notice to
Appear (NTA). On January 6, 1997, Pequeno-Martinez was convicted
of possession of marijuana (between 5 and 50 pounds), for which
he was placed on community supervision for four years. Exh. 2,
Conviction Records. Based on that conviction, the Immigration
and Naturalization Service (INS) charged Pequeno-Martinez on
October 28, 1997, with removability as an alien convicted of an
aggravated felony and a controlled substance offense under
Immigration and Nationality Act (INA) §§ 237(a)(2)(A)(iii) and
(B)(i), 8 U.S.C. §§ 1227(a)(2)(A)(iii) & (B)(i). Exhibits 1 and



3, Immigration Judge's Order and Oral Decision.

Following a hearing the immigration judge found that Pequeno-Martinez's conviction for possession of marijuana was not an aggravated felony and terminated the proceedings as a matter of policy under then existing Board of Immigration Appeals precedent.  Exh. 3, Immigration Judge's Order and Oral Decision. The INS appealed the immigration judge's decision to the Board of Immigration Appeals (the Board) which, on July 18, 2002, sustained the appeal, vacated the immigration judge's decision and ordered Pequeno-Martinez removed to Mexico.  Exh. 4, Board of Immigration Appeals Decision.  On August 16, 2002, Pequeno-Martinez filed the instant Petition for Review of the Board's decision.  The Court should dismiss the petition for lack of jurisdiction.

## DISCUSSION

**A.    IIRIRA's Amendments To The INA Apply To This Case Because Pequeno-Martinez Was Placed Into Proceedings After April 1, 1997.**

The INA, as amended by IIRIRA, limits the power of courts to review immigration matters.  INA § 242(a)(2), 8 U.S.C. § 1252(a)(2) (West 2001).  IIRIRA's restraints on judicial review, however, only apply to cases in which removal proceedings were *commenced* on or after April 1, 1997.  IIRIRA §§ 309(a) & (c)(1), 110 Stat. 3009-625.  "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."  8 C.F.R.

2

§ 3.14(a) (2001).  The INS issued a charging document against
Pequeno-Martinez on October 28, 1997 and, thereafter, filed it
with the immigration court.  Exh. 1.  Thus, as proceedings
against Pequeno-Martinez were commenced after April 1, 1997, his
case falls squarely within the amended INA.

**B.    INA § 242(a)(2)(C) Restricts The Court's Jurisdiction Over
        Pequeno-Martinez's Petition For Review In Light Of His
        Aggravated Felony Conviction for Possession of Marijuana.**

Under the post-IIRIRA judicial review scheme, the Court's
jurisdiction over challenges to removal orders by certain classes
of criminal aliens, including those who have committed an
aggravated felony or controlled substance offense under INA §
237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), and/or INA
§ 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B), is restricted.  INA
§ 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001).[1]  The
Supreme Court recently addressed this issue and concluded that
"the plain language of [8 U.S.C.] § 1252(a)(2)(C) fairly
explicitly strips the courts of appeals of jurisdiction to hear

---

[1]    INA § 242(a)(2)(C) provides:

   Notwithstanding any other provision of law, no court shall
   have jurisdiction to review any final order of removal
   against an alien who is removable by reason of having
   committed a criminal offense covered in [INA] section
   212(a)(2) [8 U.S.C. § 1182] or 237(a)(2)(A)(iii), (B), (C),
   or (D) [8 U.S.C. § 1227], or any offense covered by section
   237(a)(2)(A)(ii) for which both predicate offenses are,
   without regard to their date of commission, otherwise
   covered by section 237(a)(2)(A)(i).

8 U.S.C. § 1252(a)(2)(C) (West 2001) (emphasis added).

3

their claims on petitions for direct review." Calcano-Martinez
v. INS, 121 S. Ct. 2268, 2270 (2001). This Court similarly held
that INA § 242(a)(2)(C) deprives the courts of appeals of
jurisdiction over petitions for review. Balogun v. Ashcroft, 270
F.3d 274, 278 (5th Cir. 2001).

1.    **The Court has jurisdiction to determine its
jurisdiction.**

Notwithstanding the language of INA § 242(a)(2)(C), the
Court retains jurisdiction to determine whether it has
jurisdiction over a particular matter. Balogun, 270 F.3d at 278
("Despite this denial of jurisdiction, we retain jurisdiction to
review jurisdictional facts."); Vasquez-Velezmoro v. INS, 281
F.3d 693 (8th Cir. 2002); Lopez-Elias v. Reno, 209 F.3d 788, 791
(5th Cir. 2000), cert. denied 121 S. Ct. 757 (2001); Flores-Leon
v. INS, 272 F.3d 433, 437 (7th Cir. 2001). Accordingly, on
petition for review the Court reviews whether Pequeno-Martinez is
(1) an alien, (2) who is removable, (3) by reason of having
committed a criminal offense covered in INA §§ 237(a)(2)(A)(iii),
(B). INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001);
Balogun, 270 F.3d at 278.

It is uncontested that Pequeno-Martinez is an alien.
Furthermore, Pequeno-Martinez is removable because he was
convicted of possession of marijuana, a controlled substance
offense covered in INA § 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B),

4

which is also an aggravated felony offense[2/] covered in INA

§ 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii); INA § 101

(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B).  See Exh. 2.

Accordingly, because Pequeno-Martinez was convicted of aggravated

felony and controlled substance offense that renders him

removable under INA §§ 237(a)(2)(A)(iii) and (B), his petition

for review is covered by the review preclusion statute at INA

§ 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001).

   2.   **The Court has jurisdiction to consider certain
        constitutional challenges.**

The Court also retains "jurisdiction to consider whether the

jurisdiction-stripping provisions of the statute are being

constitutionally applied and to consider any substantial

constitutional claims."  <u>Balogun</u>, 270 F.3d at 278 n.11.

(describing substantial constitutional claims as an "alternative

route to [the court of appeals'] jurisdiction"); <u>and see Webster</u>

<u>v. Doe</u>, 486 U.S. 592, 603 (1988); <u>Vasquez-Velezmoro v. INS</u>, 281

F.3d 693 (8th Cir. 2002); <u>Flores-Leon v. INS</u>, 272 F.3d at 437

("an alien may challenge his deportability on constitutional

_____

[2/]  Section 101(a)(43)(B) of the INA defines illicit trafficking
in a controlled substance as an aggravated felony.  The Board
correctly applied this Court's decision in <u>United States v.</u>
<u>Hernandez-Avalos</u> in determining that Pequeno-Martinez's
conviction was indeed a "drug trafficking crime" and therefore an
aggravated felony because (1) possession of marihuana (over 5 but
under 50 pounds) is a felony under Texas law and (2) his
possession of marijuana is "clearly punishable under the
Controlled Substances Act," <u>see</u> 21 U.S.C. § 844(a); 21 U.S.C. §
812(c).  <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505, 508
(5th Cir. 2001).

grounds directly in the court of appeals provided that he raises a substantial constitutional claim"); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 n.2 (11th Cir. 2001) (holding that there is no "statutory constraint on [the court's] jurisdiction to address constitutional challenges") (citing Richardson v. Reno, 180 F.3d 1311, 1316 n. 5 (11th Cir. 1999)); Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304, 1311 (11th Cir. 2001) ("Despite the broad language of § 1252(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to IIRIRA."); Lara-Ruiz v. INS, 241 F.3d 934, 938-39 (7th Cir. 2001) (same). If the Court determines that the jurisdictional facts for review preclusion are present, and that no substantial constitutional issues are raised, however, it must dismiss the petition for review for lack of jurisdiction.  Lara-Ruiz, 241 F.3d 938-39.

In his petition for review, Pequeno-Martinez asserts no constitutional claims, much less any substantial claims.  Thus, because Pequeno-Martinez is an alien who is removable by reason of having committed an aggravated felony and controlled substance offense under INA §§ 237(a)(2)(A)(iii) and (B), 8 U.S.C. §§ 1227(a)(2)(A)(iii) & (B) (West 2001), and because he has not raised any substantial constitutional challenge over which this Court has jurisdiction, the Court is barred by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (West 2001), from exercising jurisdiction over his petition for review.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the petition for review for lack of jurisdiction. Should the Court deny the motion to dismiss, the Court should extend the time for respondent to file the administrative record in the case.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

ANTHONY P. NICASTRO
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
(202) 616-9358

Date: September 24, 2002    Attorneys for Respondent

7

# EXHIBIT 1

# Notice to Appear

U.S. Department of Justice
Immigration and Naturalization Service

— Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No.: A56 739 517

In the Matter of:

Respondent:  Jaime Humberto PEQUENO-Martinez

| PO Box 1144, | Weslaco | Texas | 78596 | 956-565-3680 |
|---|---|---|---|---|
| | (Number, street, city, state and ZIP code) | | | (Area code and phone number) |

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons below.

The Service alleges that you: .

1. You are not a citizen or national of the United States

2. You are a native of    Mexico    and citizen of    Mexico    ;

3. You were admitted to the United States at    Hidalgo, Texas    on or about    February 24, 1981
   as an Immigrant ;

4. You were on December 30, 1996 convicted in the 105th Judicial District Court of Texas at Kingsville, Texas for the offense of  POSSESSION OF MARIJUANA.

On the basis of the foregoing, it is charged that you are subject to removal from the United states pursuant to the following provision(s) of law:

*Conceded 5-11-98*

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 East Jackson Street, Harlingen, Tx. 78550
(Complete Address of Immigration Court, Including Room Number, if any)

on    March 18, 1998    at  8:30 AM    to show why you should not be removed from the United States based on the
       (Date)              (Time)
charge(s) set forth above.

Reynaldo Guillen
Acting Patrol Agent In Charge
(Signature and Title of Issuing Officer)

Date:    October 28, 1997

Kingsville, Texas
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

## See Reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____     _____
                                              (Signature of Respondent)

                                              Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____October 28, 1997_____, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person     [ ] by certified mail, return receipt requested     [ ] by regular mail     [ ]

[ ]

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the _____Spanish_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____
(Signature of Respondent if Personally Served)

_____
Ricardo A. Lopez          Senior Patrol Agent
(Signature and Title of Officer)

Rt. Index Print

# EXHIBIT 2

# Conviction Records

FBI NO.:
DPS NO.:
D.O.B. : 05/28/75
DATE OF ARREST: 03/22/96
ARRESTING AGENCY: KLEBERG COUNTY SHERIFF'S OFFICE

Mag.Ct. No.
BOND: $10,000 Surety
1,000 Cash

FILED

96 OCT 23 PM 4: 51

NO. 96-CRF-510

MARTHA L. SOLIZ
DIST. CLERK KLEBERG CTY.

THE STATE OF TEXAS VS. JAIME HUMBERTO PEQUEÑO MARTINEZ

BY MLM

CHARGE:   FELONY UNLAWFUL POSSESSION OF MARIHUANA
STATUTE:  TEXAS CONTROLLED SUBSTANCES ACT §481.121
DEGREE:   THIRD

12-30-96

COURT: 105TH JUDICIAL DISTRICT

* * * * * * * * * * * * * * * * * * *

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Kleberg County, Texas,

presents in the District Court of Kleberg County, Texas, that

JAIME HUMBERTO PEQUEÑO MARTINEZ, defendant,  12-30-96

on or about March 22, 1996, in Kenedy County, Texas, did then and

there intentionally and knowingly possess a usable quantity of

marihuana in an amount of fifty (50) pounds or less but more than

five (5) pounds;

against the peace and dignity of the State.

FOREMAN OF THE GRAND JURY

10/23/96
DATE SIGNED

IN THE DISTRICT COURT OF KLEBERG COUNTY, TEXAS
THE 105TH JUDICIAL DISTRICT OF TEXAS

THE STATE OF TEXAS

VS.                                              NO.  96-CRF-510

JAIME HUMBERTO PEQUENO-MARTINEZ


JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE TO THE COURT
DEFERRED ADJUDICATION

   This case was called for trial on DECEMBER 30, 1996.  The
parties appeared and announced ready for trial.  The following
attorneys appeared:  for the State, CYNTHIA MORALES; for the
defendant, GUADALUPE MENDOZA.  The defendant was personally present
with his counsel.  The parties informed the court that the
Defendant waived a trial and would enter a plea of guilty.

   The defendant stood charged with the offense of POSSESSION OF
MARIHUANA and waived trial by jury.  The Court approved the waiver
after finding that all of the requirements of Article 1.13, Texas
Code of Criminal Procedure, had been met.

   Defendant waived reading of the indictment and entered a plea
of guilty to the offense alleged in the indictment.  The Court
inquired as to the existence of any plea bargaining agreement.  The
parties informed the Court that one existed and advised the Court
of its terms.  Before making any finding on the plea the Court
informed the defendant that it would follow the agreement.

   Before accepting the plea, the defendant was advised by the
Court of the elements of the offense, of the applicable range of
punishment, and further admonished as required by Article 26.13,
Texas Code of Criminal Procedure.  The defendant was further
advised that if the defendant was not a citizen of the United
States of America, a plea of guilty or nolo contendere for the
offense charged may result in deportation, the exclusion from
admission to this country, or the denial of naturalization under
federal law.

   Before accepting the plea, the court found that the defendant
was mentally competent; that his plea was being made knowingly,
freely, and voluntarily; and that, based on representations by
defendant and his counsel, he had received effective assistance of
counsel.

   Evidence was submitted on the issues of guilt and punishment.

   The Court accepts the defendant's plea of guilty, and based on
the evidence submitted, the Court finds beyond a reasonable doubt
that the evidence substantiates the defendant's guilt for the
offense as charged, but further finds that the best interest of

society and the defendant will be served by deferring further proceedings without an adjudication of guilt and by placing the defendant on community supervision for a period of FOUR (4) YEARS and by assessing a fine of $1,800.00.

The Court further orders the defendant to pay restitution to the Kleberg County Sheriff's Department in the amount of $25.00 for use of storage facilities of contraband.

The Court finds beyond a reasonable doubt that the offense was committed on MARCH 22, 1996.

In accordance with these findings, it is ordered, adjudged, and decreed that further proceedings in the cause are deferred and the defendant is placed on community supervision for a period of FOUR (4) YEARS. The community supervision period and the terms and conditions of community supervision are set out in a supplementary order to this judgment. The clerk of the court shall furnish a copy of the judgment and of the terms and conditions to the defendant and shall note the date of delivery on the docket.

Signed and entered on this date: _____, 1997

                                        MARTIN J. CHIUMINATTO
                                        JUDGE PRESIDING

IN THE DISTRICT COURT OF KLEBERG COUNTY, TEXAS
THE 105TH JUDICIAL DISTRICT OF TEXAS

STATE OF TEXAS

VS.                                         NO. 96-CRF-510

Jaime Humberto Pequeño

## PLEA AGREEMENT

The defendant, _Jaime Humberto Pequeño_, who is charged by indictment
in this case with the offense of _Possession of Marijuana_ agrees

x( ✓ )  to plead guilty/nolo contendere to the offense of _Possession of marijuana –
Third degree felony_

( )  to waive all pretrial motions on file.

x( ✓ )  to waive his right against self incrimination and make a written/oral judicial confession under
oath.

x( ✓ )  to be punished as recommended by the State.

( )  to make restitution to the victim in the amount of $_____

In consideration of the defendant's plea of guilty or nolo contendere the State agrees

( )  to prosecute only on count _____ of the indictment.

( )  to prosecute on the lesser included offense of _____
_____

(x)  to recommend to the Court that punishment be assessed at confinement in the
INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
for a term of _____3 years_____
_____

confinement in the Kleberg County Jail for a term of _____
_____

by a fine of $_____

( ✓ ) to recommend to the Court that the confinement be suspended and the defendant placed on community supervision.

( ) to recommend to the Court that the term of community supervision be for a period of _____4 ᵧᵣₛ_____ .

( ✓ ) to recommend deferred adjudication of guilt under Article 42.12, Texas Code of Criminal Procedure.

( ✓ ) to recommend to the Court that the term of Community Supervision following deferred adjudication be for a term of _____4 ᵧₑₐᵣₛ_____

( ) to recommend to the Court that in addition to other conditions may impose that defendant's Community Supervision be subject to the following conditions:

_____

_____

_____

_____

( ) to dismiss the following unadjudicated charges pending against the defendant:

_____

_____

_____

( ) to recommend to the Court that defendant be punished under Penal Code Section 12.44.

( ) to consent to the Court's consideration of the following unadjudicated offenses in determining punishment as permitted under Penal Code Section 12.45.

_____

_____

( ✓ ) Other agreements:
_____$1800 fine ; $25 supk fee_____

_____

_____

_____

09·08·02 11:19 FAX 956 399 7057 HLC DISTRICT COUNSEL 013

Attorney for the defendant approves to the agreement made by State and the defendant.

The defendant understands the following: (1) that should the Court reject this agreement, he shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that he had entered the plea nor any statements made by him at the hearing on the plea may be used against the defendant on the issue of guilt or punishment in any future criminal proceedings; (2) that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney he cannot appeal his conviction without permission of the Court for nonjurisdictional defects or errors that occurred before entry of the plea; (3) and that he may appeal his conviction only on matters raised by written motion and ruled on before trial.

Date signed: _12 - 30 - 96_

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

## CONDITIONS OF COMMUNITY SUPERVISION

| X | DEFERRED ADJUDICATION | | _____ STATE JAIL FELONY |
|---|---|---|---|
| | FELONY COMMMUNITY SUPERVISION-SUSPENDED RIGHTS | | _____ FELONY REDUCED MISD |

THE STATE OF TEXAS          NO: \_\_96-CRF-510\_\_          IN THE \_105 TH\_ DISTRICT COURT
OF KLEBERG COUNTY, TEXAS

VS

JAIME H. PEQUEÑO - MARTINEZ \_\_\_\_          OFFENSE: \_\_\_POSSESSION OF MARIJUANA\_\_

\_X\_  ORDER PLACING YOU ON COMMUNITY SUPERVISION: On the \_\_30TH\_\_ day of \_\_DECEMBER\_\_,19 96 you
were placed on Community Supervision by the HONORABLE JUDGE MARTIN J. CHIUMINATTO for a period of \_4 (Four)\_
year(s)/month(s) with the following term(s) and condition(s).
_____ORDER ALTERING & AMENDING term(s) and condition(s) of Community Supervision:
_____  All of your condition(s) remain in full force and effect, except as may be specifically altered and amended on
_____, 19 \_\_\_\_ by the following change(s) or additional condition(s)
_____ ·Effective _____, 19\_\_\_\_ your Community Supervision term is extended for _____ year(s)/month(s),
terminating on _____, 19 \_\_\_\_.

A)- COMMIT NO OFFENSE AGAINST THE LAWS of this State or of any other State or of the United States;
B)  REPORT TO THE COMMUNITY SUPERVISION OFFICER AS DIRECTED and obey all rule(s) and regulation(s) of the Community
Supervision & Corrections Department(CSCD);
C)  REMAIN WITHIN KLEBERG COUNTY, TEXAS unless permitted to depart by the Court or Supervision Officer;
D)  PERMIT the Supervision Officer to VISIT YOU AT YOUR HOME, at your WORK, or elsewhere;
E)  REPORT any CHANGE OF RESIDENCE, JOB, or job status to the Supervision Officer within 24 hours;
F)  WORK faithfully at suitable employment as far as possible;
G)  AVOID PERSONS OR PLACES of disreputable or harmful character;
H)  AVOID injurious or vicious habits, and/or avoid the unlawful use of drugs, narcotics, or any other controlled substance(s), abstain from
consumption of alcoholic beverages.
I)  SUPPORT your dependent(s);
J)  SUBMIT to drug and/or alcohol testing, counseling, and/or treatment, at your expense, at the direction of your Community Supervision Officer;
K)  PAY the following IN CASH, CASHIER'S CHECK, OR MONEY ORDER in one or several sums payable through the Kleberg County
CSCD as determined by the Court:

1)   S \_195.00\_ COURT COSTS:  at the rate of S _____ per month beginning _____ and due by 1 - 30 - 97
2)   S 1,800  FINE:  at the rate of S 100 00 per month beginning 2-1-97 and due by _____
3)   S _____ ATTORNEY FEE: at the rate of S _____ per month beginning _____ and due by _____
4)   S \_25\_ RESTITUTION:  at the rate of S _____ per month beginning _____ and due by 3-1-97
     to be paid  to _____
5)   S _____ FEL DWI REST:   BREATH TEST S _____ VIDEO S _____ and due by _____
6)   S _____ SEX OFFENDER SUPERVISION FEE: at the rate of S _____ per month beginning _____ and due by _____
7)   S 25.⁵⁰ MONTHLY SUPERVISION FEE: beginning 2-1-97 and each and every month thereafter while under supervision.
8)   S 50.00  CRIME STOPPERS FEE:          due on or before 4-1-97 .
9)   S _____ PSI FEE:          due on or before _____ .
10)  S _____ VICTIMS COMPENSATION FUND:  due on or before _____ .
11)  S _____ CHILD VICTIMS COMPENSATION FUND:  due on or before _____ .
12)  S _____ ABUSED CHILDREN'S FUND:  due on or before _____ .
13)  S _____ ADDITIONAL FEE:  at the rate of S _____ per month beginning _____ and due by _____
14)  S _____ PRETRIAL ARREARAGE: due on or before \_\_3-1-97\_\_ .
15)  \_X\_ Should defendant be deported, payments to the court will cease. Payments will resume upon legal entry into the United States.
16)  Other: _____

REV. 9/96

DEFENDANT: _____JAIME H. PEQUENO_____    CAUSE NO. ___96-CRF-510___

___X___ L) IF DEFENDANT RESIDES IN A STATE OTHER THAN THE STATE OF TEXAS, the supervision fees for Texas will be waived and the defendant may be required to pay in the State he/she resides in. Supervision fees will be waived upon acceptance of receiving State. Should defendant move from the State, supervision fees will be paid to Texas.

M). YOU ARE ORDERED TO ATTEND, PARTICIPATE, PAY FOR, AND COMPLETE IN A SATISFACTORY MANNER:
_____ 1) SAFPF: SEE ATTACHMENT. SPECIFIC COP.
_____ 2) SATF: SEE ATTACHMENT. SPECIFIC COP.
_____ 3) CCF: SEE ATTACHMENT. SPECIFIC COP
_____ 4) SEX OFFENDER: SEE ATTACHMENT. SPECIFIC COP.
_____ 5) INTENSIVE SUPERVISION Program beginning _____, 19 _____ as directed.
___X___ 6) EVALUATION AND COUNSELING Program for SUBSTANCE ABUSE with COUNTY OF RESIDENCE
_____ 7) ANTABUSE EVALUATION/THERAPY Program as directed.
_____ 8) TWELVE-STEP SUPPORT GROUP MEETINGS with _____ as directed.
_____ 9) ADULT LEARNING EDUCATION classes and/or GED classes and complete by _____, 19 ____.
_____ 10) CONTINUING EDUCATION.
_____ 11) TEXAS D.W.I. EDUCATION Program , Article 42.12 Section 13(h).
___X___ 12) TEXAS DRUG OFFENDER EDUCATION Program as directed, within 180 days, Article 6687 B. Section 24 B.
_____ 13) EFFECTIVE THINKING (Aggression Control Therapy)..
_____ 14) TEXAS REPEAT OFFENDER Program, Article 42.12 Section 13 (J).
_____ 15) MENTAL HEALTH TREATMENT OR COUNSELING (Inpatient or Outpatient) as directed.
_____ 16) Other Educational/Counseling Program as directed: _____
___X___ 17) TAIP - Treatment Alternatives to Incarceration Program - Screening and Referral(s) as directed.
        ___X___ Outpatient _____ Intensive Outpatient _____ Women's Group _____ Relapse Group

N) THE FOLLOWING RESTRICTIONS ARE MADE A PART OF YOUR COMMUNITY SUPERVISION:
_____ 1) Complete _____ days of ELECTRONIC MONITORING/HOUSE ARREST beginning _____, 19 ____.
_____ 2) Observe a CURFEW from 10:00 p.m. to 6:00 a.m. for _____ month's beginning _____, 19 ____.
_____ 3) Install a DEEP LUNG BREATH ANALYSIS MECHANISM in your automobile by _____
___X___ 4) Spend __7__ consecutive days/weekends in KLEBERG COUNTY JAIL, beginning Dec. 30th, 19 96.
        (Work Release Authorized:   Yes: _____ No: _____ HRS of release _____.)
_____ 5) Spend _____ consecutive days in STATE JAIL FACILITY beginning _____, 19 ____.
___X___ 6) Complete I60 hours of COMMUNITY SERVICE by 12-30-97 _____.
_____ 7) Do not associate with FELONS, MARIJUANA USERS or those likely to commit crime.
_____ 8) Do not ASSOCIATE OR HAVE CONTACT WITH _____ or their family.
_____ 9) Do not operate a vehicle WITHOUT A VALID D.L. Your Drivers License is SUSPENDED for a period of _____ months, beginning _____, 19 ____.
___X___ 10) Do not go to BARS, TAVERNS, NIGHTCLUBS, or GAMBLING ESTABLISHMENT(S) where alcohol/drugs are sold, used, or given away.
_____ 11) Possess no FIREARMS or AMMUNITION while under Community Supervision.
_____ 12) Carry your conditions of Community Supervision UPON YOUR PERSON AT ALL TIMES.
_____ 13) Report any NEW AND SUBSEQUENT ARREST within 48 hours.

___X___ O) DEFENDANT WILL NOT WORK AS A CONFIDENTIAL INFORMANT for any law enforcement agency in the United States unless approved in writing by the Kleberg County District Judge and Kleberg County District Attorney's office.

_____ P) OTHER: _____

Q) OTHER CONDITIONS OF YOUR COMMUNITY SUPERVISION:
___X___ 1) Register with TEXAS EMPLOYMENT COMMISSION for job search assistance or like agency in your state of residence
_____ 2) Register with TEXAS REHABILITATION COMMISSION for job readiness assistance as directed.
_____ 3) Pay a TAX OF $_____ on any drug(s) possessed, consumed, or seized as a result of this offense.
_____ 4) Pay a FEE OF $_____ for Breath Test Analysis as a result of this offense.
_____ 5) Sign an order WITHHOLDING WAGES FROM YOUR PAYCHECK in order to pay for Court-ordered fees.
_____ 6) FURNISH CSCD WITH A COPY of your Federal Income Tax return by May 15th of each year and a copy of your W-2 Form (or similar tax document) by February 15th of each year.
_____ 7) If restitution is owed, SUBMIT ENTIRE TAX REFUND to the CSCD in payment for restitution; if married, submit one-half of same.
_____ 8) Submit yourself to and participate with _____ Residential Facility beginning _____, 19___ and obey all rules and regulations of same.

REV. 9/96

DEFENDANT: _____ JAIME H. PEQUENO _____        CAUSE NO. ___ 96-CRF-510 ___

YOU ARE FURTHER ADVISED THAT BECAUSE YOU HAVE BEEN CONVICTED OF A FELONY OFFENSE, AND PLACED ON COMMUNITY SUPERVISION, DURING THE PERIOD IN WHICH YOU WILL BE SERVING YOUR COMMUNITY SUPERVISION SENTENCE, IN ACCORDANCE WITH STATE LAWS, (1) ~~YOU MAY NOT VOTE~~; (2) YOU MAY NOT SERVE ON A JURY, AND (3) ~~YOU MAY NOT HOLD PUBLIC OFFICE~~.

AND BECAUSE OF YOUR CONVICTION, YOU ARE FURTHER ADVISED THAT UNDER THE FEDERAL GUN CONTROL ACT OF 1968, IT IS A VIOLATION OF FEDERAL LAW FOR YOU TO CARRY, PURCHASE, RECEIVE, OR POSSESS A FIREARM OR EXPLOSIVE.

You are hereby advised that under the laws of this State, the Court shall determine the terms and conditions of your Community Supervision, and may at any time during the period of your Community Supervision, alter or modify the conditions. THE COURT ALSO HAS THE AUTHORITY, AT ANY TIME DURING THE PERIOD OF YOUR COMMUNITY SUPERVISION, TO REVOKE SAME FOR VIOLATION OF ANY OF THE CONDITIONS OF YOUR COMMUNITY SUPERVISION SET OUT IN THE FOREGOING INSTRUMENT.

### STATEMENT OF OFFENDER:

On the above date, I was granted a Community Supervision sentence in the above styled and numbered cause. The condition(s) of my Community Supervision in this same cause as listed herein have been explained to me by the Community Supervision Officer whose signature appears below. I do verify my own signature below that I fully understand all of the terms and conditions of my Community Supervision.

OFFENDER

DATE SIGNED: _12-30-96_

TIME: _5 00_

ID#: _Tx 14129252_

PRESIDING JUDGE

DATE SIGNED: _12/30/96_

COMMUNITY SUPERVISION OFFICER, PROBATION ASSISTANT

DATE SIGNED: _12-30-96_

TIME: _5:04 pm_

MARTHA I. SOLIZ, DISTRICT CLERK

REV. 9/96

3

# EXHIBIT 3

# Immigration Judge Order and Decision

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Arlington, Texas

File No.:   A 36 739 517                    June 12, 1998


In the Matter of            )
                            )
JAIME HUNBERTO PEQUENO-MARTINEZ,)        IN REMOVAL PROCEEDINGS
                            )
        Respondent          )


CHARGES:     Section 237(a)(2)(B)(i), Immigration and
             Nationality Act - convicted of a law relating to a
             controlled substance;

             Section 237(a)(2)(A)(iii), Immigration and
             Nationality Act - convicted of an aggravated
             felony.


APPLICATION:   Motion to terminate


ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

Benigno Pena, Esquire              Lisa Putnam, Esquire
Accredited Representative          Attorney, Immigration and
South Texas Immigration Counsel     Naturalization Service
107 North 3rd Street               P.O. Box 1711
Arlington, TX 78550                Arlington, TX 78551

<u>ORAL DECISION OF THE IMMIGRATION JUDGE</u>

        The respondent is a 23-year-old male, native and

citizen of Mexico who was admitted to the United States in

Edalvo, Texas, on or about February 24, 1981, as an immigrant.

On December 30, 1996, he was convicted in the 105th Judicial

District Court of Texas in Kingsville, Texas, for the offense of

possession of marijuana.  See Exhibit 2 and 3.  Removal

proceedings were commenced against the respondent with the

issuance of a Notice to Appear dated October 28, 1997.  See

smh

Exhibit 1. The Immigration and Naturalization Service charged the respondent with being subject to removal for having been convicted of a law relating to a controlled substance. In addition thereto, the Government charged that the respondent is subject to being removed from the United States because he was convicted of an aggravated felony. See Exhibit 1A.

Based on the respondent's admissions and the evidence presented by the Government (Exhibits 2 and 3), the Court finds that the allegations of fact have been substantiated and that the respondent is subject to being removed from the United States for having been convicted of a law relating to a controlled substance. The Court does not find that the conviction is an aggravated felony as defined in Section 101(a)(43) of the Immigration and Nationality Act. The conviction is for possession of marijuana and not for trafficking in a controlled substance.

The respondent had requested that the proceedings be terminated as a matter of policy. In Matter of Manrique, Int. Dec. 3250 (BIA 1995), the Board held that as a matter of policy in cases dealing with drug-related convictions under a state law, any alien who has been accorded rehabilitative treatment pursuant to a state's statute will not be deported if he establishes that he would have been eligible for federal first offender treatment under the provisions of 18 U.S.C., Section 3607(a).

In the case at bar, the respondent has testified that

A 36 739 517                    2                    June 12, 1998

smh

this conviction is his first offense and has not previously been convicted of violating any federal or state law relating to a controlled substance. The respondent has also testified that he pled guilty for the offense of possession of a controlled substance. The respondent has not previously been accorded first-offender's treatment under any law. The Court entered an order pursuant to a state rehabilitative statute under which the alien's criminal proceedings have been deferred pending successful completion of the probation. The Court finds that the documentary evidence and the testimony indicate that he comes within the ambits of Merl Manrique, supra. There is no evidence to indicate otherwise. The Government asserts that the respondent had been convicted of an aggravated felony, and this the Court cannot find.

<u>ORDER</u>

It is the order of the Court that the respondent's application for termination is granted. The proceedings are terminated as a matter of policy as indicated under Matter of Manrique, supra.

DAVID AYALA
Immigration Judge

A 36 739 517                    3                    June 12, 1998

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of

Case A36-739-517

PEQUENO-MARTINEZ, JAIME HUMBERTO
     Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on June 12, 1998
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to
[ ] Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      alternative to
[ ] Respondent's application for voluntary departure was granted until
      upon posting a bond in the amount of $ _____
      with an alternate order of removal to
[ ] Respondent's application for asylum was ( )granted ( )denied
      ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
      ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
      240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
      under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
      ( ) denied ( ) withdrawn. If granted, it was ordered that the
      respondent be issued all appropriate documents necessary to give
      effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
      ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
      of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
      was ordered that respondent be issued all appropriate documents necessary
      to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
      notice.
[ ] Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[X] Other: _Proceedings Terminated_ .
Date: June 12, 1998
Appeal: WAIVED   Appeal Due By:
        RESERVED
        BY: A/I/B

DAVID AYALA
Immigration Judge

NCJ

# EXHIBIT 4

## Board of Immigration Appeals Decision

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:  A36 739 517 - Harlingen                    Date:  JUL 1 3 2002

In re:  JAIME HUMBERTO PEQUENO-MARTINEZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Bengino Pena, Accredited Representative

ON BEHALF OF SERVICE:    Lisa M. Putnam
                         Assistant District Counsel

CHARGE:

    Notice:  Sec.    237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                  Convicted of controlled substance violation

    Lodged:  Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                  Convicted of aggravated felony

APPLICATION:  Reinstatement of proceedings


The Immigration and Naturalization Service (Service) has appealed the Immigration Judge's decision dated June 12, 1998, terminating the instant removal proceedings because a Texas state court entered a deferred adjudication of guilt in the respondent's state criminal case in which he was charged with possession of marijuana - over 5 but less than 50 pounds, a third degree felony under state law. *See* Group Exh. 3 (record of conviction).  The appeal will be sustained.

The respondent's removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), depends on whether the aforementioned deferred adjudication of guilt in the respondent's state proceedings constitutes a "conviction," and also on whether the underlying crime constitutes an "aggravated felony" for immigration purposes.

In terminating proceedings, the Immigration Judge relied on *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), in which the Board ruled that an alien who has been accorded rehabilitative treatment pursuant to a state statute will be not be deported where it was established that he would have been eligible for first offender treatment under federal law, had he been prosecuted under federal law. However, in *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), *overruled in part by Lujan-Armendariz v. INS*, 222 F.3d 728, 745049 (9th Cir. 2000), the Board subsequently held that the policy exception



36 739 517

articulated in *Matter of Manrique, supra*, had been superseded by the enactment of section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A), defining "conviction," and which gives no effect to state rehabilitative actions in immigration proceedings. *See Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002).

Further, since the Immigration Judge's decision was issued, both the United States Court of Appeals for the Fifth Circuit in which the instant case arises and this Board have specifically ruled that a deferred adjudication under Article 42.12, section 3(d) (now section 5(a)) of the Texas Code of Criminal Procedure constitutes a "conviction" for purposes of the immigration laws. *See Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999); section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A); *Matter of Salazar, supra*; *Matter of Punu*, 22 I&N Dec. 224 (BIA 1998). Therefore, based on this legal authority, and notwithstanding the respondent's appellate arguments to the contrary, the respondent's deferred adjudication for his drug-related crime constitutes a "conviction" under the immigration laws.

As to whether the respondent's conviction is for a crime constituting an "aggravated felony" for immigration purposes, the record reflects that the State of Texas has classified possession of marijuana - over 5 but under 50 pounds, as a third degree felony. In light of this circumstance and consistent with the rulings by both the United States Court of Appeals for the Fifth Circuit and this Board, the respondent is removable as charged. *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert denied*, 122 S.Ct. 305 (2001); *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997); *Matter of Santos*, 23 I&N Dec. 419 (BIA 2002).

Accordingly, the Service's appeal will be sustained and the following orders will be entered.

ORDER: The appeal of the Immigration and Naturalization Service is sustained.

FURTHER ORDER: The removal proceedings against the respondent are reinstated.

FURTHER ORDER: The Immigration Judge's decision dated June 12, 1998, is vacated and the respondent is ordered deported to Mexico.

_____
FOR THE BOARD

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing *Respondent's Motion to Dismiss Petition for Review for Lack of Jurisdiction and Motion in the Alternative for an Extension of Time to File the Administrative Record* was served on petitioner's counsel by placing same in the United States Department of Justice mailroom for same day mailing, postage prepaid, on September 24, 2002, addressed to:

> Paula S. Waddle. Esq.
> South Immigration Council
> 107 N. 3rd
> Harlingen, Texas 78550

ANTHONY P. NICASTRO, Attorney

Decision of the Board of Immigration Appeals

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Date:     MAR 0 5 2003

File:   A36 739 517 - Harlingen

In re: JAIME HUMBERTO PEQUENO-MARTINEZ

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Paula Waddle, Esquire

ON BEHALF OF SERVICE:   Lessa N. Whatmough
                                    Assistant District Counsel

CHARGE:

     Notice:   Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
                        Convicted of controlled substance violation

     Lodged:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                        Convicted of aggravated felony

APPLICATION:   Reopen; reconsideration

This matter was last before the Board on July 18, 2002, at which time we sustained the Immigration and Naturalization Service's ("the Service," now the Department of Homeland Security, DHS) appeal, reinstated removal proceedings, vacated the Immigration Judge's decision, and ordered the respondent removed to Mexico. The respondent has filed a timely motion to reconsider and reopen arguing that he should receive a waiver of inadmissibility under section 212(c). The motion will be denied.

Subsequent to the Immigration Judge's decision in this case, the Supreme Court held that the restrictions on section 212(c) relief do not apply retroactively to aliens who pled guilty prior to April 24, 1996. *See INS v. St. Cyr*, 533 U.S. 289 (2001). As the respondent's post-AEDPA and post-IIRIRA conviction occurred on January 6, 1997, pursuant to a guilty plea, he does not fall within the purview of *INS v. St. Cyr, supra*. The respondent contends that he is eligible for a 212(c) waiver because such relief was available at the time he committed the criminal offense. However, the Supreme Court's decision in *St. Cyr* clearly does not extend to this situation.

Further, the respondent argues that he would be entitled to relief under the proposed regulations set forth at 67 Fed. Reg. 52627 (August 13, 2002) which would allow lawful permanent residents who have pleaded guilty before April 1, 1997, to seek 212(c) relief. First, the regulations are not final and are therefore not binding on the Board. Second, even if these regulations were binding on the

EXHIBIT
B

A36 739 517

Board, the respondent does not fall within the purview of the regulations since they only apply to lawful permanent residents.  Accordingly, the motion will be denied.

ORDER:  The motion is denied.

_____
FOR THE BOARD

2