UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ ) | |
| ) | |
| ) | |
| v. ) | C.A. No. B-02-214 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

## PETITIONER'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADINGS

The Petitioner, Jaime Pequeño-Martinez, through his counsel, makes this Motion for Leave to file Supplemental Pleadings, and shows the Court as follows:

1. This Motion is filed pursuant to F.R.C.P. 15(d).

2. The Petition for Writ of Habeas Corpus in the instant case was filed with the Court on or about November, 14, 2002. The Administrative Record was filed on or about January 30, 2003. Said record includes Petitioner's Motion to Reopen filed with the Board of Immigration Appeals (Record at 10-58). Respondents filed their Return and Motion to Dismiss on or about February 7, 2003. Subsequently, on March 7, 2003, the Board of Immigration Appeals issued its decision on the Motion to Reopen and for Reconsideration, in which it denied the Motion (herein "March 7, 2003 decision"). Said decision had not issued on the date of the filing of the Petition, by the date of the filing of the Administrative Record, or by the date of the filing of Respondents' Motion to Dismiss. Petitioner has requested that the Court take judicial notice of the March 7, 2003, decision in his Unopposed Request for Taking of Judicial Notice filed on March 19, 2003, and a copy of the decision is attached hereto as Exhibit A.

3. Petitioner respectfully requests an opportunity to supplement his pleadings limited to matters concerning the March 7, 2003 decision, substantially in the same form as shown on Exhibit B hereto, for the following reasons:

a. The leave to file a supplemental pleading is just and appropriate because the March 7, 2003 decision did not issue until some months after the filing of the original Petition for Writ of Habeas Corpus.

b. Mr. Pequeno-Martinez represents that the supplemental pleading contains no new cause of action and adds no new party. To the extent that Petitioner has new legal arguments or grounds for relief related to the March 7, 2003 decision it is appropriate to raise them in this case so that all related issues may be raised and litigated in the same proceeding. Respondent further represents that the two decisions, that is the original BIA denial of July 22, 2002 and the March 7, 2003 decision are related and arise out of the same underlying fact situation, involving the same legal alien and the same body of law, that is the impact of the interpretation of immigration law upon him, so that his claims and arguments regarding the March 7, 2003 may be joined in this lawsuit. F.R.C.P.18.

4. Petitioner seeks to raise only matters arising from the denial of the March 7, 2003 denial in his supplemental pleading.

5. Petitioner alleges that this Motion is timely because it is made within thirty-three (33) days of the March 7, 2003 decision, and it is made prior to any hearing in this case. Although a preliminary briefing of some issues has already occurred by parties hereto, the timing of the March 7, 2003 decision made the recent decision impossible to address prior to such briefing by either Petitioner or Respondents.

5. Prior to the filing of this Motion, Petitioner's counsel did speak by telephone on April 7, 2003, with Ms. Lisa Putnam, SAUSA, who stated that the Respondents are unopposed to the motion.

Wherefore, Petitioner's counsel respectfully requests that the unopposed

Motion for leave to supplement pleadings be granted, that Petitioner file his supplemental pleadings related to the Board of Immigration Appeals decision of March 7, 2003 substantially in the form attached hereto as Exhibit B within ten(10) days of the entry of the Order granting same, that Respondents be allowed to file their responsive pleading, if any , within thirty (30) days of the entry of the order allowing supplementation, and for such other and further relief as is just.

Respectfully submitted,

Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed by certified mail return receipt requested to Ms. Lisa Putnam, SAUSA, BCIS District Office, at P.O. Box 1711, Harlingen, Texas 78550, the 9th day of April, 2003.

Paula S. Waddle

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ ) | |
| ) | |
| ) | |
| v.  ) | C.A. No. B-02-214 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

### SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS

Jaime Pequeno-Martinez, Petitioner, files this Supplemental Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and pursuant to *INS vs. St. Cyr.* 121 S. Ct. 2271(2001).

### II. SUPPLEMENTAL FACTS

2. In August, 2002, Mr. Pequeno-Martinez filed a Motion for Reopening and for Reconsideration by the Board of Immigration Appeals (Record at 10-56). The Decision denying the Motion was issued on March 7, 2003 (herein "Decision"). A copy is attached as Exhibit A and by reference incorporated for all purposes.

### III. SUPPLEMENTAL ALLEGATIONS

3. Petitioner, Jaime Pequeno-Martinez, alleges that the denial of reopening of the case because the regulations "apply only to lawful permanent residents" (Decision at 2) further constitutes a denial of due process and equal protection.

4. In addition, such a decision is apparently based on an improper statutory



construction of law in that the relief which Petitioner seeks through Sec. 212(c) remained a legal remedy until April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA). The proposed 212(c) regulations at 67 Fed. Reg. 52627 (August 13, 2002) are an implicit admission by Respondents herein of that fact. As regards this case, because Petitioner's guilty plea was in January of 1997, under the principles illuminated in *INS vs. St. Cyr.* 121 S. Ct. 2271(2001) and because 212(c) relief remained statutorily available until April of 1997, Petitioner should be granted a reopening of his case for an immigration court hearing on his requested relief of 212(c).

### IV. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Declare the Removal Order of July 18, 2002, void and unlawful and set it aside;

2) Order that Petitioner's immigration case be reopened and that Petitioner be granted a 212(c) hearing or, in the alternative, a cancellation of removal merits hearing or terminate proceedings;

3) Order that Petitioner's legal permanent residency card be returned to him; and

4) Grant any other relief which this Court deems just and proper.


Respectfully Submitted,

_____
Paula S. Waddle, Attorney in Charge
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was delivered by certified mail return receipt requested to Ms. Lisa Putnam, SAUSA, INS District Office, at 1701 Zoy, Harlingen, Texas 78550, this 9th day of April, 2003.

_____
Paula S. Waddle

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ ) | |
| ) | |
| ) | |
| v. ) | C.A. No. B-02-214 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS**

The Petitioner's Motion for Leave to Supplement Pleadings having been duly filed in the above-entitled proceeding, the Court having considered the Motion and having determined that the Motion should be granted, it is

**Ordered** that the Petitioner's Motion for Leave to Supplement Pleadings be granted in all things; that Petitioner file his supplemental pleadings related to the Board of Immigration Appeals decision of March 7, 2003 substantially in the form attached hereto as Exhibit B within ten(10) days of entry the Order granting same, that Respondents be allowed to file their responsive pleading, if any , within thirty (30) days of the entry of said Order granting leave to supplement pleadings.

Dated: _____, 2003.

_____
**United States District Judge**