IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 2 2003

Michael N. Milby
Clerk of Court

JAIME PEQUENO-MARTINEZ,       )
                              )
v.                            )
                              )   CIVIL ACTION NO. B-02-214
E.M. TROMINSKI, INS           )
DISTRICT DIRECTOR and         )
JOHN ASHCROFT, ATTORNEY       )
GENERAL OF THE UNITED STATES  )
_____)

**SUPPLEMENTAL POINTS AND AUTHORITIES
REGARDING HABEAS CORPUS JURISDICTION**

COME NOW, the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby file these supplemental points and authorities regarding habeas corpus jurisdiction arising from the hearing held on April 29, 2003.

The Honorable District Court Judge Hanen brought the Fifth Circuit Court of Appeals decision in Flores-Garza v. INS, ___ F.3d ___, 2003 WL 1893262 (5th Cir. April 17, 2003) to the attention of the parties and queried how it affected each party's position. Having only read the decision once and without considering its affect on this case, the Government was unable to distinguish the holding in Flores-Garza from the cases

1

before the Court at the hearing on April 29, 2003. Upon closer scrutiny of the Flores-Garza decision, the Government would espouse the following.

In its decision, the Fifth Circuit affirmed that it has jurisdiction to determine whether a person is an alien who is removable by reason of having been convicted of an aggravated felony or other jurisdiction-barring offense, if the alien does not concede removability on one of those grounds. Flores-Garza at *4. The court of appeals has jurisdiction to determine whether an alien is removable for a conviction of an aggravated felony where he is contesting his removability based on his first-time state drug offense for felony drug possession.

> However, with respect to this petition for review, our inquiry into the scope of our jurisdiction must begin and end with the **undisputed facts** that Flores is an alien who is removable by reason of his two marijuana convictions in 1991 and 1996. These additional and **uncontested convictions** for controlled substances offenses *independently* trigger §1252's jurisdictional-stripping provisions and render consideration of the merits of Flores's constitutional and statutory claims, which arise in connection with Flores's 1972 burglary, unnecessary and irrelevant -- that is, moot -- for purposes of determining the scope of our jurisdiction to review this removal order of the BIA.

Id. (emphasis added).

In this case, Pequeno-Martinez is disputing the finding of removability based on his drug conviction because, he opines, if he had been prosecuted under federal law, he would have been afforded treatment under the Federal First Offender Act. As a result, the drug conviction could not have been considered a removable offense and he would not have been ordered removed. He further argues that the application of the Federal First Offender Act to immigration cases was a policy decision and not based on the "definition" of "conviction".

<u>Flores-Garza</u> does not suggest a blanket rule that if the offense is a jurisdiction-stripping occurrence, habeas jurisdiction is proper. The decision in <u>Flores-Garza</u> is unique and limited by its facts. It only holds that where an alien cannot obtain direct review in the court of appeals of his legal challenge to removability for a conviction of a particular offense, then there is habeas review of that issue. This is consistent with <u>Rivera-Sanchez v. Reno</u>, 198 F.3d 545, 547 (5th Cir. 1999) ("as we have stated. . . habeas jurisdiction exists only where 'challenges [to deportation orders] cannot be considered on direct review by the court of appeals;"); <u>Requena-Rodriguez v. Pasquerell</u>, 190 F.3d 299, 305 (5th Cir. 1999) (habeas jurisdiction exists to review "statutory and

3

constitutional challenges if those challenges cannot be considered on direct review"). See also, Castro-Cortez v. INS, 239 F.3d 1037 (9th Cir. 2001).

The Fifth Circuit acknowledged that if there is a question regarding the removability of an alien, the court of appeals is the proper forum. Flores-Garza holds, however, that there is no direct review of the issue of whether an alien is removable for a conviction of an aggravated felony where removability has been conceded on another ground that would trigger jurisdiction-stripping. Under the particular facts of Flores-Garza, it was unnecessary to resolve the aggravated felony issue because Flores had conceded he was removable for the drug convictions, jurisdiction-stripping offenses by themselves. Hence, the issue of whether the 1972 burglary was an aggravated felony would not be reviewed because Flores had already conceded that he was removable for the drug convictions and jurisdiction was eliminated.

In this case, Pequeno-Martinez has not conceded that he is removable. He is contesting the finding of removability based on his drug conviction because he believes he should be afforded treatment similar to that prescribed in the Federal First Offenders Act. If he were so treated, the offense would not be

considered a removable offense and he would not be facing removal from the United States.

Based on the foregoing, the Respondents maintain that Pequeno-Martinez should have taken a direct appeal to the Fifth Circuit Court of Appeals in the first instance and erred in pursuing a dismissal of his petition for review. As a result, the Respondents continue to advocate that this Court lacks jurisdiction to hear this case.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

_____
LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

May 2, 2003

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Supplemental Points and Authorities Regarding Habeas Corpus Jurisdiction was mailed via first class mail, postage prepaid to:

>Paula S. Waddle, Esquire
>South Texas Immigration Council
>107 N. Third St.
>Harlingen, TX  78550

on this 2nd day of May, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney