UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JAIME PEQUENO-MARTINEZ ) | |
| ) | |
| v.  ) | C.A. No. B-02-214 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR, ) | |
| and ) | |
| JOHN ASHCROFT, ATTORNEY ) | |
| GENERAL OF THE UNITED STATES. ) | |

## PETITIONER'S SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF HIS APPLICATION FOR WRIT OF HABEAS CORPUS

Mr. Jaime Pequeño-Martinez, Petitioner files these Supplemental Authorities in Support of His Petition for Writ of Habeas Corpus and for denial of the Motion to Dismiss, and shows the court as follows:

### I. Supplemental Issues Raised by the Hearing

A.   Does the *Flores-Garza v. INS* decision, 2003 WL 1893262, 2003 U.S. App. LEXIS 8389 (5th Cir. 2003) control this case?

B.   On what additional bases does Mr. Pequeño-Martinez' petition for writ of habeas corpus exist?

### II. Summary of Legal Arguments

Because the Immigration Judge determined that Mr. Pequeño-Martinez' crime was involved violation of a law concerning controlled substances, the Fifth Circuit under *Flores-Garza* would lack jurisdiction by Petition for Review. Further, Petitioner urges that Congress could not have intended a result without providing adequate

procedures, and, finally, that jurisdiction exists by virtue of the court's supplemental jurisdiction.

### III. Legal Arguments in Opposition to Motion to Dismiss

A.  *Flores-Garza* confirms jurisdiction over this case with the District Court.

The *Flores-Garza, op.cit.,* decision, arising out of this very federal court division, determined that the circuit court lacked jurisdiction to review a BIA order and that the district court had jurisdiction to review that order under its habeas corpus jurisdiction. Factually, *Flores-Garza* and the instant case share important similarities. In each the immigrant was charged with removability based upon a conviction involving a controlled substance. The Immigration Judge specifically found Mr. Pequeno-Martinez removable on the controlled substance ground. Record at 104. In each case, the aggravated felony ground of removability is somehow in issue. In *Flores-Garza*, it is in issue because the alien there had a burglary conviction which the government claimed constituted an aggravated felony but which he claimed was improperly plead in the charging document as well as being such an old conviction that he was entitled to immigration relief. In the instant case, the Immigration Judge specifically did not find that the state court deferred adjudication constituted an aggravated felony, Ibid. and Mr. Pequeno-Martinez has raised a variety of concerns about the retroactive application of a new definition of aggravated felony conviction to him. In *Flores-Garza*, resolution of the aggravated felony grounds of removal was not reached.

*Flores-Garza* does not reach the aggravated felony issues. Rather, referring to an independent "trigger" of removability, the Fifth Circuit grounded its decision about its jurisdiction in the existence of the controlled substance violation alone. It noted:

> (T)he undisputed facts of Flores's removability based on his controlled substance offenses makes the ultimate answer to any Sec. 1252(a)(2)(C) jurisdictional inquiry completely clear and final with respect to this particular petition for review. Westlaw at Page 4.

The controlled substance ground of removability alone sufficed to strip the Fifth Circuit

Suppl. Pts.& Authorities/*Pequeno-Martinez*, JH                                                                                   2

of jurisdiction to consider the case. Ibid. In the instant case, because this crime involved a controlled substance violation, the Fifth Circuit would find itself without jurisdiction.

The *Flores-Garza* decision further supports Mr. Pequeno-Martinez' arguments in his Opposition that jurisdiction does exist in this court. The Fifth Circuit based its holding that jurisdiction does exist under habeas corpus in the district court primarily on *INS v. St. Cyr*, 533 U.S. 289 (2001), a decision repeatedly cited by the immigrant Petitioner, Mr. Pequeno-Martinez.

B. The Need for an Evidentiary Hearing Bolsters a Finding of Jurisdiction in this Court.

The scope of review at the Fifth Circuit is not co-extensive with that of habeas. For example, the taking of testimony is a critical aspect of this case. Mr. Pequeno-Martinez has provided the Court with his testimony about the total failure of his criminal defense attorney to address his non-citizen status in December, 1996 at the time of his guilty plea. He has also testified that he would not have committed the crime of possession had he known that he would be mandatorily deported.

The handling of the appeal also contributed to a particularly sparse record. The Board of Immigration Appeals, after making no decision for over four years on this INS appeal, suddenly dismissed the appeal and ordered removal within thirty days in 2002 without remanding for consideration of other remedies, changes or evidence. No merits hearing was held at the administrative court level. Although the Board applied all new cases which were unfavorable to the Petitioner in a summary, retroactive manner, no opportunity was provided to Mr. Pequeno-Martinez to present any favorable argument, such as the *St. Cyr* decision before the Board entered its thirty day removal order. Since the extent and nature of Mr. Pequeno-Martinez' constitutional and statutory claims may not be evident if only the written record is considered, the taking of additional evidence appears mandatory. Resolution of some of his claims requires evidentiary proceedings, and 8 U.S.C. 1252(a)(1) prohibits the Fifth Circuit from remanding for this purpose under 28 U.S.C. 2347(c). It must be presumed that, to the extent that it considered the issue, Congress intended that if an immigrant could not

seek statutory review of an order, claims arising in removal proceedings which could only be resolved with extrinsic evidence must be addressed in habeas corpus. *Turner v. Johnson*, 106 F.3d 1178, 1183 (5th Cir. 1997). The serious constitutional and statutory claims raised by Mr. Pequeno-Martinez merit the taking of evidence which would not have been heard by the Immigration Court in any case. *Matter of U-M-*, 20 I&N Dec. 327(BIA 1991).

C. The District Court's Supplemental Jurisdiction Further Supports Its Powers over this Case.

Mr. Pequeno-Martinez further assets that, since this Court has habeas jurisdiction to hear those issues which could not, under any theory, have been reached in direct review by the Fifth Circuit, it can also hear all other claims through its supplemental jurisdiction, 28 U.S.C. 1367. It is particularly appropriate to avoid splitting the case into two pieces: one part to be heard initially by the Fifth Circuit, and the other, by this Court. And, given the confusion over the issue of jurisdiction, it is clear that there was no "deliberate by-pass" of Fifth Circuit review within the meaning of *U.S. ex rel Marcello v. INS*, 634 F.2d 964,970 (5th Cir. 1981), cited with approval in *INS v. St Cyr*, 533 U.S. 289,310 (2001), because Mr. Pequeno-Martinez filed his Petition to Review with the Fifth Circuit only to face a jurisdictional motion to dismiss there on the ground that he had an aggravated felony. Habeas review under 28 U.S.C. 2241 in this court is appropriate for this case.

### IV. Conclusion

With the elimination of review by the courts of appeal for criminal alien orders of removal, jurisdiction remains in the district court under habeas corpus. The Respondents have presented no authority precluding the Court from exercising its jurisdiction. The Motion to Dismiss should be denied, and the Writ of Habeas Corpus granted.

Respectfully submitted,

*[signature]*

Paula S. Waddle
Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, Texas 78550
(956)425.6987 / 956.425.7434 (fax)
State Bar No 26030400
Fed. I.D. No. 5674

Dated: May 5, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed by first class mail to Ms. Lisa Putnam, SAUSA, BCIS, P.O. Box 1711, Harlingen, Texas, 78551 on May 5, 2003.

*[signature]*
Paula Waddle